In the Matter of the Charges of CORNELIUS J. RYAN against CHARLES E. OPDYKE, JR., an Attorney.

It is the duty of the court, whenever a case is presented charging an attorney at law with dishonest conduct in his professional character, and the case is properly proved, to administer the proper punishment by removing him from his office.

(Argued October 30, 1894; decided November 27, 1894.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, entered upon an order

made October 23, 1891, removing Charles E. Opdyke, Jr., from the office of attorney and counselor at law for deceit and fraud in the practice of his profession.

The facts, so far as material, are stated in the opinion.

*Edwin Hicks* for appellant. The order made by the General Term is reviewable in this court. (*Eldridge's Case*, 82 N. Y. 167.) The charges made in the name of Mr. Ryan have not been sustained. (*In re Post*, — N. Y. S. R. 641; *Kelly* v. *Baker*, 132 N. Y. 1; *Carroll* v. *Pettit*, 67 Hun, 418; *Burn* v. *Hock*, 21 N. Y. S. R. 974; *Lloyd* v. *Matthews*, 51 N. Y. 124; *In re Knapp*, 85 id. 284.)

*J. W. Dunwell* for respondent. " An attorney or counselor who is guilty of any deceit, malpractice, crime or misdemeanor may be suspended from practice or removed from office by the General Term thereof." (Code Civ. Pro. § 67.) "An attorney or counselor who is guilty of any deceit or collusion, \* \* \* with intent to deceive the court or a party, is guilty of a misdemeanor." (Code Civ. Pro. § 70; 1 Wheeler Cr. Cas. 330.) The judgment of the General Term was proper. (*Ex parte Wall*, 17 Otto, 107; 107 U. S. 556.)

PECKHAM, J. Charges against the appellant, an attorney at law, were preferred to the General Term of the Supreme Court in the fifth department, and action thereon was asked for. The court by an order to show cause summoned the accused to appear before it, and the charges were denied by him upon his appearance pursuant to such order. Thereupon the court referred the matter to a referee to take the evidence in regard to the issues thus formed and to report the evidence taken together with his opinion thereon to the court. Hearings before the referee were subsequently had and the evidence submitted to him. This evidence he transmitted to the court, together with a formal report, in which he made certain findings of fact which he regarded as established by such evidence, and he also transmitted a formal opinion with the

evidence, in which opinion he stated the general result of his examination of the evidence and that the charges he mentioned therein had been proved to his satisfaction.

The whole question came before the Supreme Court at a General Term upon the report of the referee, and his opinion and the evidence taken by him, and the court after hearing the parties affirmed the referee's report and removed the accused from his office of attorney and counselor at law. From the order of removal the attorney has appealed to this court.

Upon the hearing before us his counsel has claimed that it was the right and the duty of this court to review all questions of fact arising upon conflicting evidence, and he has cited the case of *In re Eldridge* (82 N. Y. 161) as authority for that claim.

In that case section 1337 of the Code of Civil Procedure does not appear to have been cited by counsel or court and its provisions in this regard may have been overlooked.

We have, however, in this case carefully read the record which has been presented to us and have given full attention to all the evidence that was taken before the referee and returned by him to the General Term, and we are prepared to say that its perusal satisfies us that the referee and the General Term made no mistake in coming to the conclusions they did. That portion of his account as presented by the defendant and called "Schedule A" in the action which he commenced against the firm of J. O. Spencer, Son & Co., taken in connection with the examination and cross-examination of the defendant himself in regard to it, leaves no rational doubt in our minds that such account was a false one, made up by the defendant herein and for the purpose of enlarging his claim against the firm.

We are also of the opinion, arrived at from a perusal of the evidence in the case, that the defendant did not tell the truth in his complaint in that same action against the firm, and that the schedules annexed to the complaint and referred to therein as forming part thereof did not show a truthful statement of the accounts or of the services rendered by him, and that, in

fact, he had not rendered the services charged for in a large portion of such schedules. His testimony in regard to these matters in the subsequent trials of the actions brought by and against him and tried before referees, was also, in our opinion, false, and we think he was not simply mistaken.

If such facts were properly proven before the referee and sent by him to the General Term and acted on by that court, it is clear that the order made by the court disbarring the defendant was entirely justified.

We think the proof was ample upon these points and called for the conclusions of fact arrived at by the referee in his opinion.

The testimony has been examined in this court without prejudice against the defendant and with a most anxious desire upon our part to take as charitable a view of the evidence as could fairly be reconciled with the proper discharge of our duty in the matter. We are fully impressed with the great gravity of the case and of the painful consequences to defendant which must follow our affirmance of the order of the Supreme Court. At the same time we cannot forget that it rests with the courts to aid and further the efforts on the part of the profession to maintain the honor and integrity of its own members, and whenever a case is presented which shows that an individual member of that profession has been guilty of dishonest conduct in his professional character, it is the duty of the court, when the case is properly proved, to administer the proper punishment. This is not only justice to the profession itself, but it is a protection to the public which ought to be justified in its belief that any one holding a license to practice in the courts of this state is at least of good moral character and fit to be intrusted with the duty of protecting the interests of others.

The order of the Supreme Court should be affirmed.

All concur.

Order affirmed.