JOHN GILLIES, Respondent, *v.* THE MANHATTAN BEACH IMPROVEMENT COMPANY (Limited), Appellant.

1. PLEADING — RECOVERY — VARIANCE. Where a cause is tried on both sides without regard to the technical form of the action as disclosed by the complaint, and no question is raised at the trial, or objection made to that course, the successful party will be deemed to have recovered upon the facts shown and not strictly upon his pleading.

2. COMPLAINT ON QUANTUM MERUIT — RECOVERY ON CONTRACT. When a complaint presents a cause of action upon a *quantum meruit*, but the subsequent pleadings set forth a contract, and the facts applicable to either theory of the case are contained in the pleadings when read together, and the trial proceeds as if the plaintiff had counted on the contract and

no question is raised by either party in regard to the form of the action, it is too late, after a recovery by the plaintiff upon the contract, for the defendant to raise upon appeal the point of a variance between the complaint and the recovery, but such point will be deemed to have been waived.

3. CONTRACT — CERTIFICATE OF WORK DONE — EVIDENCE. When a contract for work stipulates that the amount due the contractor shall be evidenced by a certificate of a civil engineer, such a certificate is not deprived of its effect as evidence in an action to recover the amount claimed by the contractor, merely by the fact that it was made after the commencement of the action, when the contract does not make such a certificate an indispensable condition of maintaining any action.

4. EVIDENCE — PAPER MADE WITH A VIEW TO SETTLEMENT OF CONTROVERSY. It is too late to object on appeal that a paper, introduced in evidence by a successful party as the basis for the amount of his recovery, was inadmissible because made with a view to the settlement of the controversy, when no such question was raised at the trial, and, if it had been made then the successful party might have sustained that part of his case by other proof.

Reported below, 73 Hun, 507.

(Argued October 31, 1895; decided November 26, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 11, 1893, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

The complaint in this action alleged " that plaintiff, at the request of defendant, and for its benefit, performed work, labor and services by himself and his employees, and furnished materials of various kinds and descriptions in and about the work, for defendant, in the county of Kings, in and about the building and construction of a bulkhead and dyke, with other work incidental thereto and connected therewith; that the work, labor and services so rendered and the materials so furnished were worth the sum of thirty-eight thousand one hundred and thirty-nine $\frac{06}{100}$ dollars; that no part of said sum has been paid except the sum of twelve thousand seven hundred and fourteen $\frac{30}{100}$ dollars, and that there is now justly due and owing to this plaintiff for and on account of said

work, labor and materials the sum of twenty-five thousand seven hundred and thirty $\frac{76}{100}$ dollars, with interest," for which sum plaintiff demanded judgment.

Further material facts are set forth in the opinion.

*Alfred A. Gardner* for appellant. Plaintiff having chosen to treat the contract as abrogated, and so pleaded, cannot recover on the contract upon the theory that he had performed it. (*Romeyn* v. *Sickles*, 108 N. Y. 652; *Reed* v. *McConnell*, 133 N. Y. 433.) If a finding of fact be entirely unsupported by evidence, it raises a simple question of law reviewable in this court. (*Meacham* v. *Burke*, 54 N. Y. 217.) There was no evidence upon which to base the seventh finding of fact that " the defendant's engineer Clapp did make a subsequent final estimate, which shows the amount due the plaintiff on July 9th, 1884, including the amount due for extra labor and extra materials, to be $9,149.97." (*White* v. *O. D. S. S. Co.*, 102 N. Y. 663.)

*Edwin C. Low* for respondent. The case having been tried upon the theory that plaintiff, if entitled to recover at all, must recover under the contract, and no objection having been taken or made to the introduction of evidence showing amount due plaintiff under the contract, the court must treat the pleadings as amended so as to conform same to the proof introduced. There was no motion to dismiss the complaint because of failure of proof, and this objection is waived unless taken at the trial, and it must be distinctly taken. (1 Bliss Code, 636; *Belknap* v. *Sealey*, 14 N. Y. 143; *Sherman* v. *Parish*, 53 N. Y. 483; *Tyng* v. *C. W. Co.*, 58 N. Y. 308; *Tisdale* v. *Morgan*, 7 Hun, 583; *Doyle* v. *Moran*, 7 Abb. [N. C.] 258.) The referee was right in his seventh finding of fact. Clapp, the defendant's engineer, did make a final estimate subsequent to the one of July 9, 1884, and it shows a balance due to John Gillies from the defendant of $9,149.97. (*White* v. *O. D. S. S. Co.*, 102 N. Y. 660; *Marvin* v. *Richmond*, 3 Den. 58; *Jones* v. *Sparks*, 2 N. Y. S. R. 139.)

O'BRIEN, J.   The plaintiff recovered a sum which the referee found was the balance due him upon a contract between the parties, whereby the plaintiff undertook to perform for the defendant certain work which is specified therein.

The defendant, in support of the appeal, presents but two questions as ground for the reversal of the judgment : (1) That the complaint set out a cause of action upon a *quantum meruit*, and the recovery was upon the contract, and that seems to be so.   The defendant's answer alleged that the work was done under the contract, claimed that there was a breach of it by the plaintiff in failing to perform in certain particulars, and, by way of counterclaim, claimed damages for the breach.   To this the plaintiff replied, alleging that the contract was waived by the parties, and denying any loss or damage to the defendant.   The facts applicable to either theory of the case were contained in the pleadings when read together. The trial proceeded upon these pleadings precisely as if the plaintiff had counted on the contract, and no question was raised by either party in regard to the form of the action. The plaintiff opened the case by putting the written contract in evidence, without any objection, and in the same way the certificate of the defendant's engineer, showing the balance due to the plaintiff, which was awarded to him by the referee, was introduced.   This certificate was one of the stipulations of the contract, and the evidence upon which the plaintiff was to become entitled to payment, and it showed that there was due the plaintiff for the work the sum which he recovered.   The only exception that the defendant relies upon to raise this question is one taken at the close of the plaintiff's case to the ruling of the referee refusing to dismiss the complaint on the ground that the plaintiff had not made out a cause of action.

The point that the plaintiff had failed to make out the particular cause of action stated in the complaint was not raised at all, nor was it suggested at any stage of the trial.   The facts proved and found warranted the judgment, and it is a familiar rule that where the cause is tried on both sides without regard to the technical form of the action as disclosed by

the complaint, and no question is raised at the trial, or objection made to that course, the successful party will be deemed to have recovered upon the facts shown, and not strictly upon his pleading. (*Belknap* v. *Sealy*, 14 N. Y. 143.)

The defendant, from the course of the trial and failure to raise such a question in some form, must be deemed to have assented to, or at least waived, the variance, if any, and it is too late to insist upon such a point upon appeal to this court.

(2) The other point is that a material finding of fact by the referee is not supported by evidence. This, of course, presents a question of law.

The referee found that the defendant's engineer, after the completion of the work and on July 9, 1884, made a final estimate of the work done by the plaintiff, which appeared to be in writing, which showed that there was due to the plaintiff $7,884.70, and he further found, from the testimony of the engineer at the trial, that this sum was in fact due to the plaintiff on account of the work in question, at the time the estimate was made, namely, July 9, 1884.

There is no question raised now against this finding, and the plaintiff in fact recovered a sum much larger. There was a further finding that this estimate did not include extra work and materials furnished by the plaintiff in the completion of the work.

The next finding is the one which the defendant's counsel now assails, and is to the effect that the defendant's engineer subsequently made another final estimate showing due to the plaintiff on July 9, 1884, the sum of $9,149.97, including the extra work and materials referred to, and this was the sum which the referee reported as due to the plaintiff on account of the work.

The evidence in the case seems to support the contention of the learned counsel for the defendant, that the last paper referred to in the finding was made by the engineer after the commencement of this action and as a basis for a compromise between the parties. The finding complained of is but a transcript of this paper. It is not, therefore, correct to say

that the finding has no evidence to sustain it. It has the written estimate or certificate of the defendant's engineer which, by the terms of · the contract, was given the force of proof on certain questions.

There might have been, and probably was, a question as to whether the paper, under the circumstances, was admissible in evidence. But it was not objected to, and even after all the facts were developed in regard to its origin and purpose there was no motion by the defendant to strike it out. So that the defendant has no exception in the case that enables it to raise any question in regard to the admission of the paper. (*Holmes* v. *Roper*, 141 N. Y. 64; *U. S. Vinegar Co.* v. *Schlegel*, 143 N. Y. 537.) The mere fact that it was made by the engineer after the commencement of this action would not affect its character as evidence on the trial under the terms of the contract since parties are not obliged to have all the proofs on hand when the suit is commenced. It is enough if they have it on hand at the trial. It is true that a contract may be so drawn as to make such a paper an indispensable condition of maintaining any action, but it cannot be claimed, and is not claimed, that any such condition was inserted in the contract in question. Perhaps the real objection to the paper, if any, was that it was made with a view to a settlement of the controversy (102 N. Y. 660), but no such question was raised at the trial, and it might be unjust to the plaintiff to permit such an objection to prevail now, since, if it had been made at the proper time, he might have sustained that part of his case by other proof. We think, therefore, that the question of pleading was waived by the course of the trial, and, as to the question of evidence, the defendant has no exception in the case sufficient to raise it on this appeal. These are the only points raised by the learned counsel for the defendant on his brief, and a further examination of the record is unnecessary.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.