## SULLIVAN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. July 17, 1900.)

1. STREET RAILWAYS—NEGLIGENCE—EMPLOYES—INCOMPETENCY—FELLOW SER-
VANTS—ASSUMPTION OF RISK.
Plaintiff, a street-car driver, in crossing an excavation was obliged to
unhitch his team, and leave the car, under the control of the conductor,
to come down the grade of its own weight, past the excavation; and,
in getting the team around the excavation, plaintiff stumbled and fell
across the track, and the conductor, who had just been hired, and had
received no instructions as to the use of the brake, turned it the wrong
way, whereby the car ran over plaintiff and injured him. *Held*, that
defendant company was guilty of negligence in not instructing the con-
ductor in the use of the brake.

2. SAME—DUTY OF CONDUCTOR.
The fact that the contractor making the excavation provided men to
push the cars going up grade past the excavation had no tendency to
show that it was not the duty of the conductor to take charge of the
car while coming down grade.

3. SAME—PROOF—OBJECTION ON APPEAL.
The objection that there was no proof that it was the duty of the
conductor to take charge of the car as it passed over the excavation can-
not be raised for the first time on appeal.
O'Brien and Hatch, JJ., dissenting.

Appeal from trial term, New York county.

Action by John Sullivan against the Metropolitan Street-Railway
Company. From a judgment in favor of plaintiff, and an order deny-
ing a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PAT-
TERSON, and O'BRIEN, JJ.

Charles F. Brown, for appellant.
Otto H. Droege, for respondent.

RUMSEY, J. The action was brought to recover for injuries re-
ceived by the plaintiff while driving a horse car upon one of the roads
operated by the defendant. At the close of the evidence the court
submitted to the jury certain questions of fact, and in reply to them
they found that the plaintiff was free from contributory negligence,
that the conductor of the horse car was guilty of negligence which
was the proximate cause of the injury complained of, that the con-
ductor was not competent to perform the duties of his position, and
that the defendant had not used ordinary care in his selection and
appointment. They assessed the damages sustained by the plaintiff
at $2,500, and a verdict was directed by the court for that amount.
Judgment was thereupon entered, a motion for a new trial was de-
nied, and from the judgment and the order denying the new trial
this appeal is taken.

It is not claimed upon the appeal that the plaintiff was guilty of
contributory negligence, and that question will not be considered.
The appellant seeks to reverse the judgment upon the ground that
no negligence was shown on the part of the defendants, and that
the answers of the jury to the questions in that respect were against

the weight of evidence. So far as the second ground is concerned, there is no doubt that there' was sufficient evidence to warrant the jury in finding as they did upon each question. The only question is whether the inference that the defendant was guilty of actionable negligence might fairly arise from the evidence and the facts found by the jury. The facts were, substantially, that when the plaintiff received the injuries he was driving a horse car on one of the defendant's roads. He was going down Amsterdam avenue, and as he approached Eighty-Sixth street he came to a place where employés of the defendant had dug an excavation along the track for the purpose of making repairs. As he approached it became necessary for him to detach his horses from the car and to drive them to the southerly end of the excavation, leaving the car to run down the grade at that point by its own weight, until it reached a place where he could hitch the horses to it again. As he unhitched the horses from the car, he rang the bell for the conductor to come to the front platform. The conductor did so, and assumed the control of the car as it passed over the excavation. As the plaintiff was driving the horses, he stumbled and fell, and, before he could recover himself, the car, which was following, ran upon him and injured him severely. The conductor, on the front platform, undertook to check the speed of the car by applying the brakes. He was far enough from the plaintiff when he stumbled to stop the car, had he known how to do it. But he was ignorant, and, instead of applying the brakes, he loosened them; and there was then nothing to check the speed of the car, or to prevent its running against the plaintiff as it did. The conductor had just been hired by the defendant company. Before being set to work, he had received instructions as to the collection of fares, giving transfers, ringing the bell to notify the driver to stop and start the car, and calling the names of the streets, but he had received no instructions whatever as to the proper manner of handling the brakes in case it should become necessary for him to do so. The plaintiff claims that in this respect the conductor was incompetent, and that he was known to be incompetent by the defendant company, and that its act in placing an incompetent person upon the car was negligence for which it was responsible. Ordinarily, when one is injured because of the negligence of a fellow servant, he cannot charge the master with the results of that negligence, because it is one of the risks of the employment which he assumes; but, before a master can require a servant to assume the risk of the negligence of a fellow servant, he is bound to use reasonable care to employ a person competent to perform the duties of his position, or, if incompetent when hired, to give him proper instructions about them. Shear. & R. Neg. (5th Ed.) § 185b; Baulec v. Railroad Co., 59 N. Y. 356; Mann v. Canal Co., 91 N. Y. 498; Malay v. Light Co., 41 App. Div. 578, 58 N. Y. Supp. 659. There can be no doubt, 'upon the facts shown here, that the conductor did not know how to manage the brake of the car, and that his ignorance, and consequent inability to control the car as he ought to have done, was the proximate, and, indeed, the immediate, cause of the accident which befell the plaintiff.

But it is said that the conductor was called by the plaintiff to take charge of the car, when there were other persons there whose duty it was to do so while it was passing over the excavation. This is not correct. It appears from the testimony of Levy, one of the witnesses, that he was working for the contractors on this excavation, and that he was there, with some other men, to push the cars over the excavation, "going uptown on the uptown track." He says that he had more men than were needed for this purpose, and that he sent some of them home; but there is no suggestion that the men were there for the purpose of taking care of the cars on the downtown track, or that they had anything to do with them. The reason is obvious. The downtown cars were going down grade, and all that was necessary to get them over the excavation was to start them, and then their momentum would carry them over. On the other hand, the uptown cars had to be pushed up the grade. There was reason, therefore, why men should be there to push the uptown cars, but none for the downtown cars. It is said in the brief of the defendant's counsel that there was no proof that it was the duty of the conductor to take charge of the car while it was passing over the excavation. The evidence is that he did take charge of it, without any direction of the plaintiff, and there was no suggestion during the trial but that it was his duty to do just as he did; but it seems to have been conceded there that the conductor, when he went upon the front platform, was doing part of the duty he was expected to do, and no point was made that there was any lack of evidence in that respect, nor was there any suggestion during the whole trial that there was any defect in that regard. The defect is suggested here for the first time, and, that being so, it would be manifest injustice to permit to be raised here, to overthrow this judgment, a question which, if raised at the trial, might have been, and probably would have been, met by the plaintiff. Gillies v. Improvement Co., 147 N. Y. 420, 42 N. E. 196; Flandrow v. Hammond, 148 N. Y. 129, 42 N. E. 511. That point, therefore, is not presented for our consideration; and as there was sufficient evidence to show that the conductor was not properly instructed as to his duties in managing the brakes on this car, and that the accident happened because he did not know how to apply them, I see no reason why the judgment is not correct upon the case made at the trial, and therefore the judgment should be affirmed, with costs to the respondent.

VAN BRUNT, P. J., and PATTERSON, J., concur. O'BRIEN and HATCH, JJ., dissent.