### ENGEL v. SONTAG.

#### (Supreme Court, Appellate Term. June 5, 1908.)

JUDGMENT—APPLICABILITY TO ISSUES.

Where the parties consented to litigate an issue not raised by the pleadings as to whether defendant agreed to return $800 to plaintiff if plaintiff did not obtain the property it contracted for, a judgment on a verdict for plaintiff on such issue was final.

Appeal from City Court of New York, Trial Term.

Action by Aaron Engel against Herman Sontag. From a judgment for plaintiff; and from an order denying defendant's motion for new trial, he appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Joseph Wilkenfeld, for appellant.
Morris Meyers, for respondent.

PER CURIAM. This action was brought by the plaintiff to recover the sum of $800, paid by the plaintiff to defendant under the following circumstances: The defendant and one Davis entered into a contract with one Weissberger and one Junger, in which Weissberger and Junger agreed to sell the defendant and Davis certain chattels and the good will of a business at 66 Sheriff street, and further agreed to give a lease of said premises, which lease was to contain a clause that it was not assignable without the consent of Weissberger and Junger, and a clause giving to "Sontag [the defendant] and Davis only" the right to purchase said premises at a certain price.

Plaintiff paid $800 to defendant for an assignment of his interest in this contract.

Plaintiff's complaint was for money had and received, on the theory that the contract was never assignable and that there was a total failure of consideration. Evidence, however, was introduced without objection of the agreement of Sontag (defendant) to return the $800 if plaintiff did not obtain the property. Plaintiff did not obtain the property. A motion by plaintiff to conform the pleadings to the proof was granted. Defendant claims, first, that the interest of defendant, Sontag, in the contract with Weissberger and Junger, was assignable; and, second, that the proofs did not follow the pleadings.

The judgment should stand, as the parties consented to litigate the issues as to whether the defendant agreed to return the $800 to plaintiff if plaintiff did not obtain the property, and on that question the verdict is final. Parties may consent to try an issue not pleaded. Frear v. Sweet, 118 N. Y. 459, 23 N. E. 910; Gillies v. Manhattan Co., 147 N. Y. 420, 42 N. E. 196; Deyo v. Morss, 144 N. Y. 216, 39 N. E. 81. The defense is conscienceless, and the judgment should be affirmed, with costs.

Judgment affirmed, with costs.