McGOVERN v. SUPREME COUNCIL CATHOLIC BENEV. LEGION.

(Supreme Court, Appellate Division, Second Department. November 24, 1909.)

APPEAL AND ERROR (§ 241*)—MOTION TO DISMISS—SUFFICIENCY TO RAISE OBJECTION.

    In an action to recover upon a death certificate, where plaintiff pleaded performance of all the terms and conditions of the policy excepting so far as the terms and conditions had been waived, a motion by defendant "to dismiss for failure to prove," after plaintiff had rested, was insufficient to raise the objection, on appeal, that plaintiff had pleaded performance except where compliance was waived, and had only proved performance.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1413–1416; Dec. Dig. § 241.*]

Appeal from Trial Term, Kings County.

Action by John T. McGovern, executor of Catherine McGovern, deceased, against the Supreme Council Catholic Benevolent Legion. Judgment for plaintiff, and defendant appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

John C. McGuire (Edward J. Connolly, on the brief), for appellant.
Sewell T. Tyng, for respondent.

JENKS, J.   This action is to recover upon a death benefit certificate. The plaintiff complained that the assured and the plaintiff had complied with all of the terms and conditions of the policy, "excepting as the performance of the terms and conditions of said policy or contract have been waived by said defendant," and, further, that plaintiff had performed all the conditions of said policy or contract with regard to making proof of loss and claim and demand, "excepting as the performance of the same has been waived by said defendant." The answer was general denial.   At trial the plaintiff proved a case to justify a verdict, if the complaint had alleged performance merely.   There was no objection made by the defendant during the deliverance of the plaintiff's case, save one of immateriality, irrelevancy, and incompetency, as to the admission of certain correspondence between the plaintiff and the defendant after the death of the assured.   When the plaintiff rested, the learned counsel for the defendant moved "to dismiss for failure to prove," and the motion was denied under exception.   The defendant then rested, and the plaintiff moved for a verdict.   The court asked if the defendant cared to go to the jury on any specific issue of fact, and the counsel replied that he did not think that there was any question of fact for the jury, but that he desired to take an exception that would cover any possible right he might have.   The court then directed a verdict.

It is insisted upon this appeal that the plaintiff did not prove a cause of action, in that he pleaded, not a performance, but performance except where compliance was waived by the defendant.   The rule declared in Gillies v. Improvement Co., 147 N. Y. 420, 42 N. E. 196, is against the defendant, and requires an affirmance of this judgment.   In that case the plaintiff complained on quantum meruit, and the recovery was upon a contract.   The trial proceeded on the pleadings as if the plaintiff had counted on the contract.   The defendant raised the point upon appeal that the plaintiff had failed to make out his particular cause of action as stated in the complaint, but could only rely upon his exception, taken at the close of the plaintiff's case, to the ruling of the referee refusing to dismiss the complaint on the ground that the plaintiff had failed to make out a cause of action.   The court held this was insufficient, saying, per O'Brien, J.:

"The only exception that the defendant relies upon to raise this question is one taken at the close of the plaintiff's case to the ruling of the referee refusing to dismiss the complaint on the ground that the plaintiff had not made out a cause of action.   The point that the plaintiff had failed to make out the particular cause of action stated in the complaint was not raised at all, nor was it suggested at any stage of the trial.   The facts proved and found warranted the judgment, and it is a familiar rule that where the cause is tried on both sides without regard to the technical form of the action as disclosed by the complaint, and no question is raised at the trial, or objection made to that course, the successful party will be deemed to have recovered upon the facts

shown, and not strictly upon his pleading. Belknap v. Sealy, 14 N. Y. 143, 67 Am. Dec. 120."

The judgment must be affirmed, with costs. All concur.