### C. A. FELLOWS *et al.* v. H. G. SNYDER *et al.*

1. DEMURRER, *No Error in Overruling.* The record examined, and *held*, that the court below did not err in overruling the demurrer to the evidence of the plaintiffs below.

2. CONTRACT, *Construed — Question for Jury.* Also *held*, that the contract between the parties to this case does not provide any method for the final measurement of the walls of the school building, and that it was not error for the court to leave it for the jury, under the evidence, to say what system of measurement should be adopted in making such final measurement.

*Error from Dickinson District Court.*

ACTION by *Snyder* and another against *Fellows* and another on a contract. Plaintiffs had judgment in a justice's court. On a trial on appeal in the district court, plaintiffs had judgment, and defendants, being denied a new trial, bring the case

here.　The material facts appear in the opinion, filed March 11, 1893.

*Hazen & Isenhart,* for plaintiffs in error.

*John H. Mahan,* for defendants in error.

Opinion by STRANG, C.: This was an action to recover a balance due on the following contract:

"Know all men by these presents, that we, H. G. Snyder and E. F. Odle, of Chapman, Dickinson county, Kansas, do hereby agree to furnish and deliver all the stone for county high school, on high-school grounds, in Chapman, Kas., convenient to the building, for 85 cents per perch, architect's measurement in the wall, to be paid as per architect's estimate to the contractors, viz., 90 per cent. monthly."

The action was begun before a justice of the peace, where the plaintiffs below obtained a judgment against the defendants for the sum of $300. An appeal was taken to the district court and the case was there tried by the court and a jury, resulting in a verdict and judgment for the plaintiffs below, for the sum of $258. A motion for new trial was overruled, and the case is brought here for review.

The plaintiffs in error first allege that there was nothing due the plaintiffs below when this suit was begun, and, therefore, that the court should have sustained the demurrer to the evidence of the plaintiffs below. This contention is based upon the theory of the defendants below that under the contract nothing was due until the architect had made his estimate, and that such estimate had not yet been made when the suit was brought. Upon the question as to whether or not the estimate had been made when the action was begun, there is a conflict in the evidence. Mr. Snyder testifies that there had been a measurement of the stone in the building by the architect from Topeka before the action was begun, while Mr. Fellows, examined by the other side, says there had been no estimate by the architect. This evidence, however, was submitted to the jury and passed upon by it, and its finding

thereon is against plaintiffs in error.  The evidence shows
that all the stone was furnished and in the wall some weeks
before the action was begun.  With such evidence, and our
view of the construction to be put upon the contract, we do
not think the court erred in its instructions relating to this
question.

Nor do counsel for plaintiffs in error lay much stress upon
this question, as they say in their brief that the real contro-
versy in the case is, whether the walls of this building should
be measured without any deductions for openings, and double
the corners, or by deducting the openings and measuring the
corners singly.  This question involves, to a certain extent,
the construction to be put upon the written contract of the
parties.  If we construe the contract to mean that both the
monthly and final measurements of the stone in the wall were
to be submitted to the arbitrary determination of the archi-
tect employed by the county to look after the construction of
the school building mentioned in the contract, then the con-
tention of the plaintiffs in error is correct, and the case should
be reversed, as the parties had the right to submit the meas-
urement to the arbitrary determination of any person whom
they should select, and agree to be bound by it.  On the other
hand, if we construe the language of the contract to mean
that the parties agreed to be governed by a measurement
known as "architect's measurement," and the evidence dis-
closes the fact that there is no such system of measurement
for the determination of the amount of material in the walls
of a building, then we think the court below was right in
holding that the customary measurement must be employed
to determine the quantity of stone in the walls of the build-
ing, and that what is the customary measurement was prop-
erly submitted to the jury, and particularly so in view of the
fact that there is evidence tending to prove that, at the time
the contract was signed, the plaintiffs here contemplated the
final measurement of the walls of the building by the same
system as that adopted by the jury.

We think, however, that the contract may be construed to

mean, so far as the question of measurement is concerned, that the monthly measurements, or the measurements to be made as the work progressed, were to be made by the architect, to enable the contractors to receive 90 per cent. of their pay as the work progressed, but that the final measurements of the walls is not provided for in the contract. Looking to the contract between the county and the builders, we find no method for final measurement therein pointed out, which we think strengthens our construction of the contract under consideration. This construction necessarily leaves the final measurement of the walls of the building to be made according to the custom of such measurements in the community where the building was erected. That custom must be ascertained by the jury from the evidence. The evidence shows that different customs prevail in different communities, so that one method of measurements might be adopted by custom in Topeka, and another in Abilene. With this view of the contract, the refusal of the trial court to receive the builders' contract with the county in evidence cannot constitute material error.

It follows, then, that the judgment of the court below must be affirmed, unless we ratify the construction placed upon the contract by the plaintiffs in error, which we are unwilling to do. We do not think the parties to the contract intended to submit the final measurement of the walls of the building to the arbitrary measurement of the architect.

We therefore recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.