Argued February 4, decided March 3, 1914.

## HOLMBOE *v.* MORGAN.*

(138 Pac. 1084.) .

**Stipulations—Construction—Verdict—Joint Liability.**

1. In an action against the seller and the buyer of an automobile for injuries from being struck by the machine, where the parties stipulated that plaintiff should have judgment for $8,000 against the defendants, who should be adjudged liable therefor, and that the question as to whether the defendants should be held jointly or sev-

*The question, Who is responsible for negligence of a chauffeur operating a demonstrating car, is treated in notes in 40 L. R. A. (N. S.) 457 and 44 L. R. A. (N. S.) 113.                    REPORTER.

erally liable should be determined by the jury, the court properly refused to receive a verdict against one defendant for $2,750 and against the other for $5,250, under Sections 150, 151, L. O. L., providing that, if the verdict be informal or insufficient, it may be corrected by the jury under the advice of the court, or the jury may be again sent out, and when the verdict is given and is such as the court may receive, and if no juror disagree or the jury be not again sent out, the clerk shall file the verdict.

### Evidence—Parol Evidence Affecting Writings—Admissibility.

2. Though the terms of a writing cannot be varied by parol evidence, yet, where a contract is not required by the statute of frauds to be in writing, the rule is not violated by admitting evidence of parts of the contract not contained in the writing.

### Evidence—Parol Evidence Affecting Writings—Admissibility.

3. In an action against the seller and buyer of an automobile for injuries occurring while the buyer was driving the machine under the direction of the seller's salesman, though the order for the machine was in writing and signed by the buyer and seller, parol evidence is admissible that the buyer was to be taught to operate the machine.

### Municipal Corporations—Streets—Use for Travel—Personal Injuries.

4. An automobile salesman demonstrating the machine to a purchaser is not relieved of the control of the machine, so as to exempt the seller from liability for injuries by the machine, by the fact that it was being driven by the buyer at his own request.

### Stipulations—Construction and Operation.

5. In an action against two defendants for injuries by an automobile, a stipulation that the plaintiff shall have judgment for $8,000 against the defendants, who shall be adjudged liable therefor, and that the question whether the defendants (naming them) shall be held jointly or severally liable shall be determined by the jury, does not admit the liability of both defendants, but means that the judgment shall be against the defendants (jointly or the one) who shall be adjudged liable therefor, and that whether they should be held jointly or only one of them liable shall be determined by the jury.

[As to the law of automobiles, see note in 108 Am. St. Rep 212.]

From Multnomah: HENRY E. McGINN, Judge.

Department 2.    Statement by MR. JUSTICE EAKIN.

This is an action by John F. Holmboe against W. H. H. Morgan and C. S. Howard, doing business as Howard Automobile Company, to recover for personal injuries. The accident occurred under the following circumstances: Defendant Morgan was negotiating with defendant Howard, an automobile dealer, for the purchase of an auto, and having given an order for one to Dunbar, a salesman of Howard, Robinson,

another salesman of Howard, took the auto out to demonstrate its efficiency and to teach Morgan how to operate it, and with Morgan and two ladies of his family proceeded in the direction of Linton. As they returned to the city, Morgan asked to run the machine a while in order that Robinson might instruct him, and on Washington Street, at the crossing of Tenth, the machine hit the plaintiff, resulting in the injuries complained of. The action originally was against Morgan, Howard and Robinson, jointly, to recover $40,866. How and when Robinson was eliminated from the case does not appear in the record. At the beginning of the trial the respective counsel stipulated as follows:

"The parties hereto, by counsel, agree: (1) That plaintiff shall have judgment for $8,000 against the defendants, who shall be adjudged liable therefor. (2) That the question as to whether W. H. H. Morgan and C. S. Howard shall be held jointly or severally liable therefor shall be determined by the jury. (3) That the above cause shall not be postponed by reason of this stipulation.

"Dated March 6, 1913."

Thereupon the trial proceeded upon the issue as to whether defendants were jointly liable, or, if not, which one was liable. After the trial was completed and the jury instructed, it retired for consideration of the case and returned into court with a verdict against W. H. H. Morgan in the sum of $2,750 and against C. S. Howard for the sum of $5,250, which the court refused to receive, instructing the jury:

"This verdict could not be received for the reason that, if Mr. Morgan was liable at all in this case, he was liable to the same extent as Mr. Howard; and, if Mr. Howard was liable at all, he was liable to the same extent as Mr. Morgan; that in cases of this kind, where one contributed to a wrong or an injury, no matter

how many wrongs were done, there can be but one recovery. The verdict is not such a verdict as could be received in a court of law. Gentlemen of the jury: If these men are liable, they are liable as joint tort-feasors, as we say in law, but we don't allow an apportionment of the verdict. You cannot divide it up and say that one of the defendants is liable for two thirds of the damage and that the other defendant is liable for one third. If liable at all, either one of them alone is liable to the full extent, or they are both jointly liable to the full extent.''

The jury again retired, and subsequently returned a verdict against the defendant Howard alone in the sum of $8,000. Judgment was entered thereon. Defendant Howard moved for a new trial, and also for judgment in his favor upon the pleadings, notwithstanding the verdict. Both motions were denied, and he appeals.                                            AFFIRMED.

For appellant there was a brief over the names of *Messrs. Wilbur & Spencer, Mr. William A. Carter* and *Mr. A. L. Clark,* with an oral argument by *Schuyler C. Spencer.*

For respondent W. H. H. Morgan there was a brief over the names of *Messrs. Carey & Kerr* and *Mr. Omar C. Spencer,* with an oral argument by *Mr. Spencer.*

For respondent John F. Holmboe there was a brief over the names of *Mr. Isham N. Smith* and *Mr. John F. Logan,* with an oral argument by *Mr. Smith.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. The first assignment of error is as to the refusal of the court to receive the first form of verdict returned by the jury, and as to the order of the court requiring them to return to the jury-room and to put the verdict in proper form. The statute gives the

trial judge wide discretion in determining the sufficiency of the verdict, and he is vested with authority to have the jury correct informal verdicts or to require it to cover in proper form the questions submitted to it.    Sections 150, 151, L. O. L., provide:

"When a verdict is given, and before it is filed, the jury may be polled on the request of either party, for which purpose each shall be asked whether it be his verdict; if any juror answer in the negative, the jury shall be sent out for further deliberation.    If the verdict be informal or insufficient, it may be corrected by the jury under the advice of the court, or the jury may be again sent out.    When the verdict is given, and is such as the court may receive, and if no juror disagree, or the jury be not again sent out, the clerk shall file the verdict.    The verdict is then complete, and the jury shall be discharged from the case.    The verdict shall be in writing, and under the direction of the court shall be substantially entered in the journal as of the day's proceedings on which it was given."

It must be conceded that the verdict in this case was informal and insufficient as tendered, and it was the duty of the court to refuse to receive it until it was reduced to proper form and substance.    It did not decide the questions submitted to the jury, and the judge properly sent the jury out again to correct it. It was not the verdict of the jury until it was received by the court and filed with the clerk: See *State* v. *Waymire,* 52 Or. 281 (97 Pac. 46, 132 Am. St. Rep. 699, 21 L. R. A. (N. S.) 56).    To have treated the verdict first returned by the jury as a general verdict of a joint liability, discarding an apportionment of the damages, would have been very irregular and might probably have resulted in a mistrial; and it was in the discretion of the court to require the jury to express its meaning fully to avoid further complications. There was no error in having the verdict corrected. This disposes of the second assignment of error also.

2. Defendant Howard requested an instruction that oral evidence of the agreement of defendant Howard's agent, Dunbar, that defendant Morgan should be instructed in the operation of the machine, should not be received to vary or add to the written contract of sale, and asked for a directed verdict in favor of Howard. The order for the machine was in writing and signed by defendants Morgan and Howard, and the rule is that the terms of the writing cannot be varied by parol evidence; but where the contract is not one required by the statute of frauds to be in writing, this rule is not violated by admitting evidence to establish the parts of the contract not contained in the writing: *American Contract Co.* v. *Bullen Bridge Co.,* 29 Or. 549 (46 Pac. 138); *Williams* v. *Mt. Hood Ry. & Power Co.,* 57 Or. 251 (110 Pac. 490, 111 Pac. 17, Ann. Cas. 1913A, 177).

3. The evidence establishes that Morgan was to be taught to operate the machine. This was testified to by Morgan and admitted by Dunbar, and Mr. Johnson, the manager of Howard's auto business, testified that, when a sale of a car is made, there is involved, although not specified in the order for the machine, a demonstration of the car and the making of the buyer acquainted with it. This establishes the authority of the salesman to contract therefor. Although the instructions given were compensated by the agent's commission, yet it was a part of the contract of sale and to be furnished by the dealer, and, not being mentioned in the order for the machine, may be proved by parol. There was no error in admitting such proof. This decision disposes also of assignment No. 5.

4. It is contended that Morgan insisted on driving the car at the time of the accident, and therefore should be held liable for the damages. It appears that Rob-

inson was out with Morgan for the express purpose of demonstrating the car and of teaching Morgan how to run it; that Morgan knew nothing about it or how to run it, had run it only three or four miles the day before, under Robinson's direction, and, at the time of the accident, was at the wheel for the second time only, under Robinson's control and immediate supervision. The question of whether Morgan or Robinson was the efficient cause of the accident, or whether they were jointly liable, was squarely and plainly presented to the jury for decision, and was the only question so submitted. All of the facts were before it, and we should not disturb its findings upon that matter. Although the defendant Howard contends that Robinson requested Morgan to let him (Robinson) drive the car when they came to the crowded streets of the city, that did not relieve Robinson of the control of the machine. He was in charge of the car and was to instruct Morgan as to running it, and if he thought they were in a locality where the car should be in the hands of an expert, he should have taken control. The conclusions above reached dispose also of the questions presented by the request for a directed verdict in favor of the defendant Howard and also by the motion for a new trial.

5. Defendant insists that by the terms of the stipulation above quoted, Morgan's liability is admitted, and that the verdict should have been against defendants jointly. The stipulation is expressed in loose language, but, taken as a whole, is not ambiguous or of doubtful meaning. It provides that the plaintiff shall have judgment for $8,000 against defendants, and who shall be adjudged liable therefor, that the question as to whether Morgan or Howard shall be held jointly or severally liable therefor shall be determined by the jury. It is plain that it meant

that the judgment should be against the defendants (jointly or the one), who should be adjudged liable therefor, and that whether Morgan and Howard should be held jointly, or only one of them, liable should be determined by the jury. There can be no several liability of two or more tort-feasors for the same tort, and the parties proceeded with the trial of the case with that understanding of the stipulation.

The judgment is affirmed.                     AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BEAN and MR. JUSTICE McNARY concur.