ALBRIGHT v. TRINITY PRESBYTERIAN CHURCH OF ROCHES-
TER et al.

(Supreme Court, Special Term, Monroe County.   July 21, 1916.)

*(Syllabus by the Court.)*

MECHANICS' LIENS ⚙➔249—ENFORCEMENT—CONDITIONS PRECEDENT.

In an action to foreclose a mechanic's lien and to recover for work done, a demand for payment and the production of an architect's certificate, under a contract providing that payments shall be made "only upon certificates of the architect," is unnecessary as a condition precedent to the suit, when the owner has been guilty of a breach of the contract, and work is thereupon discontinued.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 433–437; Dec. Dig. ⚙➔249.]

Action by Edmond L. Albright against the Trinity Presbyterian Church of Rochester and others to foreclose a mechanic's lien.   Judgment ordered for plaintiff, and for defendant Henry G. Fisher.

See, also, 170 App. Div. 70, 157 N. Y. Supp. 79.

G. Fort Slocum, of Rochester, for plaintiff.

George W. Thomas, of Rochester, for defendant Fisher.

Herbert J. Stull, of Rochester, for defendant Trinity Presbyterian Church.

RODENBECK, J.   The plaintiff and defendant Fisher made separate contracts with the defendant church for the reconstruction of its edifice; both contracts being dated October 13, 1913, and the former being a contract for mason work, and the latter for carpenter work. Neither contract was completed.   The work progressed down to a point where $3,275 worth of work had been done, when the plaintiff was unable to secure any payment other than a payment of $200, and the work was discontinued by him, which necessitated discontinuance by the defendant Fisher, and mechanics' liens were filed.

The plaintiff obtained an architect's certificate for $1,000 January 14, 1914, under which he received a payment of $200 on January 31, 1914.   The payment of the balance was refused or withheld, and he filed a mechanic's lien March 26, 1914, when he had performed $2,475 worth of work.   Subsequently he commenced this action, and on the trial produced a certificate of the architect, dated April 28, 1914, for $996, representing 80 per cent. of the balance of the work.   Both certificates represented work amounting to $2,475, so that, with the deduction of the payment of $200, there was due him the sum of $2,275.

The defendant Fisher continued the carpenter work until plaintiff discontinued work for nonpayment as aforesaid.   Thereupon he was obliged to discontinue further work under his contract, at which time he had not been paid anything, and there was work performed to the amount of $800 for which he produced upon the trial an architect's certificate, dated March 27, 1914.   Work was discontinued by plaintiff before Fisher obtained a certificate, but after the church had defaulted on its contract with plaintiff.   Under these facts both the plaintiff and the

defendant Fisher are entitled to recover, and are entitled to a lien for the amounts due them; the former for $2,275, and the latter for $800. Smith v. Wetmore, 167 N. Y. 234, 60 N. E. 419; Thomas v. Stewart, 132 N. Y. 580, 30 N. E. 577; Wright v. Reusens, 133 N. Y. 298, 31 N. E. 215.

The defendant church was guilty of a breach of both contracts. It failed to observe the terms of the Albright contract by the omission to make payments, as required by the contract, upon the production of the certificate of the architect. This breach justified the plaintiff in discontinuing the work, and entitled him to recover in this action the reasonable value of the work done by him up to the time of the breach of the contract by the church. Where an owner fails to pay upon presentation of a certificate of the architect for a part of the work done, and thereby breaks his contract, the production of an additional certificate for the remainder of the work upon the trial is sufficient.

The contractor, Fisher, being dependent upon the performance of the plaintiff's contract, the church was also guilty of a breach of his contract by failing to observe its contract with the plaintiff, thus causing a discontinuance of his work and compelling Fisher, also, to discontinue work under his contract. There is no provision in the contract as to when the certificate of the architect shall be produced, and in the case of the defendant Fisher its production on the trial was sufficient, as was also the production of the second certificate by the plaintiff. After the breach of the contract the plaintiff and defendant Fisher were under no more obligation to observe this provision of the contract than any other. Where an owner has prevented performance by a breach of his contract, the production of a certificate of the architect upon the trial is a sufficient compliance with a contract providing that payments shall be made "only upon certificates of the architect." The breach of the contract obviated the necessity for the production of the certificate and for a demand prior to suit or defense. Gillies v. Improvement Co., 147 N. Y. 420, 425, 42 N. E. 196; Campbell v. Coon, 149 N. Y. 556, 44 N. E. 300, 38 L. R. A. 410; Rusling v. Union Pipe & Construction Co., 5 App. Div. 448, 39 N. Y. Supp. 216.

The plaintiff, therefore, is entitled to a judgment for $2,275, and to a lien upon the premises for the enforcement thereof, and the defendant Fisher is entitled to a judgment for $800, and to a lien subsequent to that of the plaintiff.