FULLER PROCESS COMPANY, Appellant, *v.* THE TEXAS COMPANY, Respondent.

First Department, December 3, 1920.

Parties — action on sealed instrument — demurrer to complaint in action on sealed instrument against person not party thereto — sufficiency of seal — leave to amend complaint.

*It seems*, that an action cannot be maintained on a sealed instrument against a person not a party thereto.

In an action on a sealed instrument brought against a corporation not a party to the instrument, the court, upon a demurrer which questions the sufficiency of the complaint, will not go into a refinement differentiating different possible seals, and the demurrer will be sustained where the instrument which was signed by an individual recites that the parties " have hereunto set their hands and affixed their seals," though the seal used is that of a corporation.

Inasmuch as the contract in the action was made in Missouri and there is a question whether in that State a seal has any efficacy to alter the rights of a party to a written instrument, the plaintiff should have been given leave to amend the complaint.

APPEAL by the plaintiff, Fuller Process Company, from a judgment of the Supreme Court in favor of the defendant,

entered in the office of the clerk of the county of New York on the 3d day of August, 1920, upon the decision of the court rendered after a trial at the New York Special Term sustaining the defendant's demurrer and dismissing the complaint upon the merits; also from an order entered in said clerk's office on the 26th day of July, 1920, granting defendant's motion for judgment on the pleadings; also from an order entered on the 8th day of July, 1920, denying plaintiff's motion for judgment on the pleadings, and also from an order entered on the 20th day of July, 1920, denying plaintiff's motion for a reargument.

*Walter M. Goldsmith* of counsel [*Goldsmith & Fraenkel,* attorneys], for the appellant.

*James L. Nesbitt,* for the respondent.

SMITH, J.:

The pleadings consist of a complaint and of a demurrer which questions the sufficiency of the complaint. An agreement was signed by the plaintiff and one Baker. The plaintiff is seeking to hold this defendant on the ground that the agreement was in fact, though not in form, made with the defendant. The defendant contests the plaintiff's claim upon the ground that the fact that the instrument is under seal precludes the plaintiff from holding thereupon any other party than the party named in the instrument. As to sealed instruments this would seem to be held. (*Spencer* v. *Huntington,* 100 App. Div. 463; affd., 183 N. Y. 506; *Slade* v. *Squier,* 133 App. Div. 666.)

In this case the only seal actually attached, as appears by the complaint, was the seal of the corporation; nevertheless in the instrument the parties recite: " In witness whereof the parties hereto have hereunto set their hands and affixed their seals this 8th day of April, A. D. 1916, at Kansas City in the State of Missouri." It seems to have been held that where one seal appears upon an instrument containing a like recital, all parties are deemed to have adopted that one seal. (*Rusling* v. *Union Pipe & Construction Co.,* 5 App. Div. 448; affd., on opinion below, 158 N. Y. 737.)

It is contended on the part of the plaintiff that this seal

could not have been adopted unless it accorded with the require-ments of a common-law seal, and that a corporation seal does not always so accord, and, therefore, that the paper does not show that the instrument is under seal as to Baker.    Upon demurrer, however, the court will not go into a refinement differentiating different possible seals, so that the determination of the Special Term that the complaint did not state a cause of action because of the fact that the instrument was under seal must be affirmed.

The Special Term, however, thereupon dismissed the complaint without giving leave to the plaintiff to amend the complaint.    The contract appears to have been made in the State of Missouri.    The brief suggests that under the law of the State of Missouri a seal has no efficacy to alter the rights of a party to a written contract.    The plaintiff, therefore, asks for a modification of the order so as to give leave to the plaintiff to amend the complaint.    We are of opinion that the plaintiff should have that leave, and the same should be granted upon payment of the costs of the action to date.

The appeal from the order denying motion for reargument is dismissed; the order denying plaintiff's motion for judgment on the pleadings is affirmed; the order granting defendant's motion is modified by providing that plaintiff have leave within twenty days to serve an amended complaint upon payment of costs of the action to date, and as so modified affirmed, without costs of this appeal; and if said amended complaint be so served the judgment appealed from is vacated.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concur.

Appeal from order of July 20, 1920, dismissed; order of July 8, 1920, affirmed; order of July 26, 1920, modified by granting plaintiff leave to amend complaint on payment of costs of action to date, and as so modified affirmed, without costs of this appeal; and if said amended complaint be so served the judgment appealed from is vacated.