GEORGE J. ZEISS, Plaintiff, *v.* "CHARLES" WILLIAM WURSTER, First Name "Charles" Being Fictitious, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, February 9, 1931.

*Remington & Meek*, for the plaintiff.

*George P. Breckenridge*, for the defendant.

LEWIS, J. Under date of May 5, 1921, the Lindenberg Corporation, as landlord, and C. William Wurster, as tenant, entered into a written lease (a sublease) covering an apartment on the second floor of premises 243 West End avenue, in the city of New York, for the term of sixteen and two-third months, to commence May 10, 1921, and to end September 30, 1922, at a total rental of $1,750, payable in equal monthly payments of $105 in advance on the first day of each and every month of the term.

Following the printed paragraphs of the lease, there appear certain typewritten provisions, reading: " This lease is subject to the terms and conditions of a lease between the landlord and the owner of the building expiring September 30, 1921, which was cancelled by the owner but which the court did not uphold. * * *

" This lease is subject to cancellation by the Landlord on three months' notice any time after date provided a similar clause is exercised by the Owner against the Landlord."

Upon the trial there was received in evidence the records of a certain summary proceeding instituted on the 6th day of January, 1922, by John H. Lynch, and others (owners), as landlord, against Leo Lindenberg, tenant, and certain subtenants, including one Amy C. Wurster, for the recovery of possession of the entire premises designated No. 243 West End avenue. The petition in such summary proceeding recites that: " On July 23, 1920, it was adjudicated by this Court that the term of the said tenant under said lease had expired, but the issuance of a warrant removing him therefrom was stayed until November 1, 1921, at which time Chapter 942 of the Laws of 1920 had become operative, in consequence of which fact the warrant has never been issued."

Such summary proceeding (January, 1922) resulted in a final order entered by the court on the 23d day of January, 1922, " in favor of said landlord, awarding to said landlord the delivery of the possession of the premises within described by reason of the expiration of the tenant's term." And the original court papers bear the following indorsement:

" Warrant to be issued the 1st day of February, 1922, as to the entire premises only against the tenant Lindenberg.

"A. E., J. M. C."

The plaintiff herein, as the assignee of the Lindenberg Corporation, now brings this action to recover the rent of $105 per month for the months of September, 1921, and January and February, 1922, under the said sublease between the said corporation and this defendant.

The defendant raises the following issues: (1) That the cause of action is barred by the six-year Statute of Limitations (Civ. Prac. Act, § 48). (2) That the plaintiff has paid the September rent, that the $105 security deposited by this defendant is to be applied in payment of rent for the month of January, 1922, and that an action for rent cannot be maintained for February rent.

With reference to the security, the lease provides: " That the payment made the landlord of $105 upon the taking of this apartment shall be held as security for the faithful performance by the tenant of the terms, conditions and covenants of this lease, which sum the landlord agrees to apply against the rent due for the last month of the term hereby demised unless the covenants or conditions hereof are violated by the tenant, in which case the deposit may be forfeited at the option of the landlord, but such forfeiture shall not release the tenant from any of the obligations hereunder."

The lease also allows the landlord, in case of the tenant's default in any of the terms or upon certain other contingencies, to re-enter and take possession and at its option to relet the premises, as agent for the tenant, the tenant agreeing to make good any deficiency.

At the end of the lease, there is the stereotype printed phrases: " In witness whereof, the Landlord and Tenant have set their hands and seals, the day and year above written.   *   *   *
" Sealed and delivered in the presence of."

Below these clauses there appear the signatures of two witnesses, and opposite the witnesses' signatures, " Lindenberg Corporation, by Leo Lindenberg, President (L.S.), Landlord," and, " C. Wm. Wurster (L. S.), Tenant."

Is this lease a simple contract or one under seal?

Unless the lease is a contract under seal, the Statute of Limitations presents a complete bar to the plaintiff's cause of action.

The defendant urges that the lease is not under seal because the corporate seal is not affixed or impressed; that the corporation is restricted to its corporate seal for such solemn expression.

The defendant relies greatly upon the precise wording of the statute: "An instrument or writing duly executed, in the corporate name of a corporation, which shall not have adopted a corporate seal, by the proper officers of the corporation under their private seals, shall be deemed to have been executed under the corporate seal." (General Constr. Law, § 45.)

Were one to stop with a reading of the statute, he might be misled into the construction claimed by the defendant.

The reported cases save us from this error, as well as spare us the necessity of any extensive excursion into the history of the seal. " There is no doubt that where an instrument executed by two parties, recites that it is made under their hands and seals, *a presumption at least,* will arise that it is a *sealed instrument.* (*Atlantic Dock Co.* v. *Leavitt,* 54 N. Y. 35.) Indeed, it was held in the case cited, as also in the case of *Metropolitan Life Ins. Co.* v. *Bender* (124 N. Y. 47), that where such a recital was made in a deed, the obligor or covenantor was estopped from insisting that the paper was not a sealed instrument. But that rule need not be adopted in this case. It is settled that where several parties execute a paper, reciting that it is executed under their seals, it is sufficiently sealed if only one seal is affixed, because all the parties may adopt the same seal as their own. (*Van Alstyne* v. *Van Slyck,* 10 Barb. 383.) This rule applies, although one of the parties to the deed be a corporation. A corporation, *like an individual,* may *adopt any seal* that is *convenient* for the particular *occasion.* The *only limitation* of the rule is, that the seal adopted *must* be affixed as the seal of the corporation. (*Mill Dam Foundry* v. *Hovey,* 21 Pick. [Mass.] 417; Morawetz on Corp. § 339.) Where, as here, it is found that the *contract recites that it is executed under the hands and seals of the parties, if one seal is affixed after the names of the parties,* that will be *sufficient proof* that the *particular seal* was adopted by *all* those who *signed* under the recital, *and the seal* will be deemed *to be* the seal *of all* parties alike." (Italics mine.) (*Rusling* v. *Union Pipe & Construction Co.,* 5 App. Div. 448, at p. 449; affd., 158 N. Y. 737.)

" This argument quite largely resolves itself into a discussion of the question whether, the *original contract was under seal,* and whether, therefore, it was necessary for the purported modifying contract to be under seal as it *concededly was not.* We think that the courts below have been correct in their disposition of this question. The original contract recited that it was under seal, and while only the seal of the defendant *as a matter of fact was attached, it is well settled that under such circumstances* the party whose seal is not attached is to be regarded as having adopted the seal which has been affixed and, therefore, as making the contract one under seal. (*Rusling* v. *Union Pipe & Constr. Co.,* 5 App. Div. 448; affd., 158 N. Y. 737.) " (*Cammack* v. *Slattery & Bro., Inc.,* 241 id. 39, at p. 45.)

" Where two persons execute a sealed instrument, and the seal is placed opposite the name of one, it must be shown that the other adopted the same seal, but this may be shown by any competent

evidence; and here we have an express acknowledgment of the grantee. It matters not that the grantee did not subscribe the deed with his name. This is not essential to a sealed instrument. All that is essential is that a party should execute it by sealing it as his instrument. The seal makes it his deed or specialty. It is the statute alone that requires a deed for the conveyance of land to be signed as well as sealed by the grantee." (*Atlantic Dock Co.* v. *Leavitt*, 54 N. Y. 35, at p. 41.)

One readily gleans the liberality with which the court has applied this principle, as witnessed not only by its employment in cases where corporations have been held bound by the adoption of a private individual seal, but more so in the extension of the rule to the obligations imposed upon a grantee to a deed.

From time to time the courts have lifted the ban — and in given cases regarded the seal as surplusage — but there have always been definite reasons and ends for such decisions. And they have not prevented or prohibited the sealed contract. Notwithstanding such holdings, individuals, if for any reason they so desire, can, as between themselves, execute a sealed contract, though a simple one would satisfy the legal requirements.

" ' To constitute a sealed instrument, there must be a seal or scroll affixed, and some recognition of it in the instrument, or some evidence of it *aliunde;* but it can never be maintained that such evidence, whether by the proof of witnesses or acknowledgment of the party, will not supply the place of such recognition. Thus, suppose he says at the time, " I affix this scroll as my seal " or within the scroll he writes the word " seal " and delivers it as his deed; I am at a loss to conceive how any court or jury, could resist the conclusion that it was a sealed instrument.' " (Neg. Inst. Law, § 25; *Smith* v. *Henning*, 10 W. Va. 596, 631, cited in *Matter of Pirie*, 198 N. Y. 209, 215.)

There is no prescribed ritual for the adoption of the seal, and if the proof shows a contract under seal executed with such intention, the court must respect it.

There appears no escape from the finding that the lease in question is to be treated as a contract under seal; hence the Statute of Limitations presents no bar.

The second line of the defense is more formidable.

The evidence establishes the payment of September, 1921, rent; thereby disposing of that item.

The proof presented by the 1922 summary proceedings indicates that the estate of the main lessee — defendant's lessor — had apparently terminated during July, 1920; and was again adjudicated as expired by the final order of January 23, 1922.

On both occasions the lessee of the entire building was permitted continued occupancy, by way of a stay of the issuance of the warrant. Such indulgence, I take it, prolonged the possession, but could not preserve the estate of the main tenant.

This defendant's sublease was subject to his immediate landlord's demise from the owners. With the termination of the estate of the Lindenberg Corporation (as defendant's landlord), or, as the final order puts it, " the expiration of the tenant's term," the estate of this defendant (the term of the hiring of this defendant) ended and expired. The defendant's hiring was subordinate to his immediate landlord's demise from the owner; the lesser estate could not survive extinction or abatement of the major one, any more than the Lindenberg Corporation, as a lessee, could give this defendant, as a sublessee, any greater interest than it itself possessed. (*Berman* v. *Seeger*, 133 Misc. 849.)

" In reaching this conclusion I have not overlooked the plaintiff's contention that, since it did not bring the summary proceedings and did not voluntarily terminate the lease, it should be entitled to all installments of rent due before the tenant was actually evicted, and that such eviction took place only on December tenth. Such a contention seems to me untenable. The plaintiff had by its own default placed the landlords in a position where they could terminate all interest of the plaintiff in this lease." (*Rainier Co.* v. *Smith*, 65 Misc. 560, at p. 564.)

If one may resort to the vernacular, after January, 1922, the Lindenberg Corporation was out of the picture. After January, 1922, there was no unexpired term of the defendant's lease; and the defendant had the right to have the security applied against the January, 1922, rent.

The remaining count of the defendant's answer is confined to the claim for the rent for February, 1922.

Aside from the effect of the issuance of the precept and the entry of the final order in January, 1922, upon the right to recover rent (as rent distinguished from any claim for use and occupancy), see section 1434 of the Civil Practice Act, it is apparent that the Lindenberg Corporation could not claim or collect such rent accruing subsequent to January, 1922. Hence the plaintiff, as the assignee, cannot maintain the action for the February, 1922, rent.

The foregoing disposition renders it unnecessary to pass on other questions raised in the defendant's brief.

Judgment must, therefore, be awarded in favor of the defendant.