Richard J. McNULTY, M. D., Appellant,

v.

**MEDICAL SERVICE OF DISTRICT OF COLUMBIA, INC., a corporation, Appellee.**

No. 2777.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 4, 1961.

Decided Jan. 10, 1962.

David L. Riordan, Washington, D. C., for appellant.

Warren E. Magee, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Judge.

In this suit by a physician for services performed for a medical service corporation, defendant pleaded the three-year statute of limitations which applies to simple contracts. Code 1961, § 12–201. Plaintiff contended that the contract between the parties was under seal and hence subject to a 12-year limitation under the same statute. (Plaintiff's services were performed more

than three years but less than twelve, before this action was brought.) The case was tried on stipulated facts and from a ruling in favor of defendant, plaintiff has appealed.

The agreement was on a printed form prepared by defendant corporation, and concluded with the following attestation clause:

"In Witness Whereof, the party of the first part has caused its corporate seal to be hereunto affixed and these presents to be signed by its duly authorized officers and the party of the second part has hereunto set his hand and seal the day and year first above written."

The corporation sent the agreement to the doctor for his signature, and he executed it under seal, had it witnessed, and returned it to defendant corporation. Defendant caused it to be executed by its president and formally attested by its secretary, but did not impress its corporate seal on the document, and returned an executed copy of the agreement to plaintiff without mentioning lack of the seal.

■ It has long been the general rule that it is not necessary that there be as many seals as signatures to an instrument. Mindell v. Goldman, 309 Mass. 472, 35 N.E. 2d 669; 79 C.J.S. Seals § 4. And it has also been the rule that one party may adopt the seal of another as his own; indeed, when one party signs an instrument to which another has affixed his seal, there is a presumption that he has adopted that seal. Rockwell v. Capital Traction Co., 25 App. D.C. 98. And a corporation may adopt as a seal anything which is capable of being adopted by a natural person, even though it has a special seal which it ordinarily uses. 1 Williston, Contracts § 208 (3rd ed.); and see cases cited below.

Some years ago a similar situation was before the Second Circuit Court of Appeals. The contract did not bear the seal of a defendant; but it did bear the seal of plaintiff and recited that it was under seal. Judge Augustus Hand wrote that in such cases "the party whose seal is not attached is to be regarded as having adopted the seal which has been affixed, and therefore as making the contract one under seal." C. F. Starita Co. v. Compagnie Havraise Peninsulaire, etc., 2d Cir., 52 F.2d 58, 62. The same rule has been applied in other decisions. Brick v. Cohn-Hall-Marx Co., 283 N.Y. 99, 27 N.E.2d 518; Zeiss v. Wurster, 139 Misc. 538, 247 N.Y.S. 811; Dreyer v. Shapiro-Bernstein & Co., 73 N.Y.S.2d 56, aff'd 273 App.Div. 760, 75 N.Y.S.2d 536; Wilson v. Mundy, 238 Ill.App. 575. See also Restatement, Contracts §§ 98(2), 99; 47 Am.Jur., Seals § 5.

■ In the case before us the agreement, prepared by defendant, recited that the parties affix their seals, and there was no evidence that either party intended that it be other than an instrument under seal. We must hold that it was wrong to treat the instrument as a simple contract and to bar plaintiff's recovery on that ground.

Reversed.