# MARTINSBURG & POTOMAC RAILROAD COMPANY *v.* MARCH.

## IN ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF WEST VIRGINIA.

### Argued April 24, 1885.—Decided May 4, 1885.

A contract for the construction of a railroad provided that the company's engineer should, in all cases, determine questions relating to its execution, including the quantity of the several kinds of work to be done, and the compensation earned by the contractor at the rates specified ; that his estimate should be final and conclusive ; and that "whenever the contract shall be completely performed on the part of the contractor, and the said engineer shall certify the same in writing under his hand, together with his estimate aforesaid, the said company shall, within thirty days after the receipt of said certificate, pay to the said contractor, in current notes, the sum which according to this contract shall be due:" *Held*, That in the absence of fraud, or such gross mistake as would necessarily imply bad faith, or a failure to exercise an honest judgment, the action of the engineer in the premises was conclusive upon the parties.

*Kihlberg* v. *United States*, 97 U. S. 398, and *Sweeney* v. *United States*, 109 U. S. 618, affirmed and applied.

This was a suit at law to recover a balance claimed to be due the defendant in error as plaintiff below, for grading and masonry on a section of the road of the plaintiff in error. The contract, which was substantially set forth in the declaration, contained the following provisions, among others:

1. "To prevent all disputes, it is hereby mutually agreed that the said engineer shall, in all cases, determine the amount or quantity of the several kinds of work which are to be paid for under this contract, and the amount of compensation at the rates herein provided for, and also that the said engineer shall in all cases decide every question which can or may arise relative to the execution of this contract on the part of said contractor, and his estimate shall be final and conclusive."

2. "That whenever this contract shall be completely performed on the part of the said contractor, the said engineer shall certify the same in writing, under his hand, together with his estimate as aforesaid, and the said company shall within

thirty days after the receipt of such certificate pay to the said contractor, in current notes, the sum which according to this contract shall be due."

The declaration not alleging that this had been done by the engineer, the defendant demurred and the demurrer was over-ruled. The defendant also pleaded that the engineer had made a final estimate of the work done under the contract, and that the amount found due had been paid, and the plea continued : "And so the defendant saith, that the final esti-mate of the said engineer, made as aforesaid, was a final and conclusive settlement of all that was due the plaintiff under said contracts, and is a bar to any further inquiry into the exe-cution of said contracts; and the payments made by this de-fendant in pursuance of said final estimates as aforesaid are a full payment and discharge of all that is due to the plaintiff under said contracts."

Sundry exceptions were taken at the trial, which are referred to in the opinion of the court. The substantial question in-volved in all, was the effect of the provisions in the contract upon the plaintiff's right to recover. Judgment below for plaintiff. The defendant sued out this writ of error.

*Mr. Wayne McVeagh* for plaintiff in error.

No brief or argument for defendant in error.

Mr. Justice HARLAN delivered the opinion of the court.

This case is within the principles announced in *Kihlberg* v. *United States*, 97 U. S. 398, and *Sweeney* v. *United States*, 109 U. S. 618.

Kihlberg sued the United States upon a contract for the transportation of military, Indian, and government stores and supplies from points on the Kansas Pacific Railway to posts and stations in certain States and Territories. The contract provided for payment for transportation "in all cases accord-ing to the distance from the place of departure to that of de-livery, the distance to be ascertained and fixed by the chief quartermaster of the district of New Mexico, and in no case

to exceed the distance by the usual and customary route." One of the issues in that case was as to the authority of that officer to fix, conclusively for the parties, the distances which should govern in the settlement of the contractor's accounts for transportation. There was neither allegation nor proof of fraud or bad faith upon the part of that officer in his discharge of the duty imposed upon him by the mutual assent of the parties. This court said: "In the absence of fraud or such gross mistake as would necessarily imply bad faith, or a failure to exercise an honest judgment, his action in the premises is conclusive upon the appellant as well as upon the government."

This principle was affirmed and applied in Sweeney's case, in which he sought to recover from the United States the price of a wall built by him around a national cemetery. The contract provided that the wall should be received and become the property of the United States, after an officer or civil engineer, to be designated by the government to inspect the work, should certify that it was in all respects such as the contractor agreed to construct. The officer designated for that purpose refused to so certify, on the ground that neither the material nor the workmanship was such as the contract required. As the officer exercised an honest judgment in making his inspections, and as there was, on his part, neither fraud, nor such gross mistake as implied bad faith, it was adjudged that the contractor had no cause of action, on the contract, against the United States.

Those decisions control the determination of the claim arising out of the contract here in suit, whereby the defendant in error, who was plaintiff below, covenanted and agreed that he would furnish all the material required—which should be sound, durable, and of good quality, and approved by the company's chief engineer—and perform all the labor necessary to construct and finish, in every respect, in the most substantial and workmanlike manner, the grading and masonry of a certain section of the Martinsburg and Potomac Railroad.

The contract provides that, to prevent all disputes, the engineer of the company "shall, in all cases, determine" the quantity of the several kinds of work to be paid for under the

contract, and the amount of compensation that the appellee should earn at the rates therein specified; that he "shall, in all cases," decide every question which can or may arise relative to the execution of the contract, and " his estimate shall be final and conclusive;" that in order to enable the contractor to prosecute the work advantageously, the engineer "shall make an estimate from time to time, not oftener than once per month, as the work progresses, of the work done," for which the company "will pay in current money within twenty per cent. of the amount of said estimate on presentation;" that, in calculating the quantity of masonry, walling, and excavation, the most rigid geometrical rules should be applied, any custom to the contrary notwithstanding; and that "whenever this contract shall be wholly completed on the part of the said contractor, *and the said engineer shall have certified the same*, they [the company] will pay for said work" the prices in the contract named.

These stipulations were emphasized by this additional provision in the agreement:

"And it is further agreed that whenever the contract shall be completely performed on the part of the contractor, *and the said engineer shall certify the same in writing under his hand, together with his estimate aforesaid*, the said company shall, within thirty days *after the receipt of said certificate*, pay to the said contractor, in current notes, the sum which according to this contract shall be due."

The plaintiff in his declaration, which is in assumpsit, sets out the written contract in full, and counts specially upon its various provisions. The other count is the ordinary one of indebitatus assumpsit. A general demurrer by the company to the whole declaration, and to each count, was overruled. This action of the court below cannot be upheld without disregarding the express conditions of the written agreement; for, it does not appear from the declaration that the engineer ever certified in writing the complete performance of the contract by the plaintiff, together with an estimate of the work done, and the amount of compensation due him according to the prices established by the parties. Until after the expira-

tion of thirty days from the receipt of such a certificate, the company did not, by the terms of the agreement, come under a liability to pay the plaintiff the balance, if any, due to him under the contract. Nor does the declaration state any facts entitling him to sue the company, on the contract, in the absence of such a certificate by the engineer, whose determination was made by the parties final or conclusive. And upon the supposition that the engineer made such a certificate as that provided by the contract, there is no allegation that entitled the plaintiff to go behind it; for, there is no averment that the engineer had been guilty of fraud, or had made such gross mistake in his estimates as necessarily implied bad faith, or had failed to exercise an honest judgment in discharging the duty imposed upon him. The first count of the declaration was, therefore, defective for the want of proper averments showing plaintiff's right to sue on the contract, and the demurrer to that count should have been sustained.

As, for this reason, the case must be remanded for a new trial, it is proper to say that, if the declaration had been good on demurrer, we should have been compelled to reverse the judgment for errors in the instructions given to the jury. Several instructions were asked by the defendant embodying the general proposition that the final estimate of the engineer was to be taken as conclusive, unless it appeared from the evidence that, in respect thereto, he was guilty of fraud or intentional misconduct. These instructions were modified by the court by adding after the words "fraud or intentional misconduct" the words "or gross mistake." This modification was well calculated to mislead the jury, for they were not informed that the mistake must have been so gross, or of such a nature, as necessarily implied bad faith upon the part of the engineer. We are to presume from the terms of the contract that both parties considered the possibility of disputes arising between them in reference to the execution of the contract. And it is to be presumed that in their minds was the possibility that the engineer might err in his determination of such matters. Consequently, to the end that the interests of neither party should be put in peril by disputes as to any of the matters covered by

·their agreement, or in reference to the quantity of the work to be done under it, or the compensation which the plaintiff might be entitled to demand, it was expressly stipulated that the engineer's determination should be final and conclusive. Neither party reserved the right to revise that determination for mere errors or mistakes upon his part. They chose to risk his estimates, and to rely upon their right, which the law presumes they did not intend to waive, to demand that the engineer should, at all times, and in respect of every matter submitted to his determination, exercise an honest judgment, and commit no such mistakes as, under all the circumstances, would imply bad faith.

There is one other error in the instructions to which it is proper to call attention. The contract provided that for "bridge masonry" the contractors should receive $7.00 per perch of twenty-five cubic feet. In reference to certain pier masonry, for which plaintiff charged, in his account, $14 per perch, the court instructed the jury as follows:

"The jury are instructed that in respect to the item of 'pier masonry,' and the charge of $14 per perch therefor by the plaintiff, as shown in his estimate or bill of particulars, that if they find that the defendant's chief engineer ordered such masonry to be made, and saw and inspected or examined the same after its completion, and considered the same in his final estimate, and therein treated the said 'pier masonry' as 'bridge masonry,' to be paid for by the defendant at the price of $7.00 per perch, under the terms of the contract, then such determination and judgment of the engineer is final and binding on the plaintiff, unless the jury find that the price and value of the masonry fixed and returned by the engineer was inadequate and unjust to the contractor, in which event the jury may presume fraud, and disregard the price fixed by the engineer in his final estimate."

This instruction, to which defendant excepted, was clearly erroneous; for, if the masonry was of the class described in the contract as bridge masonry, or if the parties by subsequent agreement, express or implied, authorized it to be put in that class—the determination of which questions might be con-

trolled by special circumstances not appearing on the face of the agreement—then the estimate of the engineer, upon the basis of the contract price, was conclusive, unless impeached on the ground of fraud, or such gross mistake as necessarily implied bad faith. The test was not whether the price and value of the masonry fixed and returned by the engineer was inadequate and unjust. Much less did the jury have the right to presume fraud and disregard the engineer's estimate, merely because the price, upon which the parties originally agreed for bridge masonry, proved to be inadequate and unjust; for, that would have enabled them to make for the parties a contract which they did not themselves choose to make.

Without expressing an opinion upon other questions, of a subordinate character, discussed in the brief of the defendant's counsel, and which may not arise upon another trial,

*The judgment is reversed, and the case remanded with directions to set aside the verdict and grant a new trial, and for such further proceedings as may be consistent with this opinion.*