Wright, J.,
delivered the opinion of the court:
From the findings of fact it is clearly shown the change from Vermont to Tennessee marble was authorized by the Secretary of the Treasury, or at least ratified by that officer, for if not the work would not have been accepted or paid for as it was. This, then, leaves the only question of law to be settled and applied, whether the substituted marble took the place of the specified articles in the contract in all respects as to prices and values, and in cases of disputes by the parties in reference thereto, whether such subjects are controlled by the decision of the Supervising Architect.
*22 We are of the opinion there was nothing in the agreement of the parties by which the Tennessee marble was substituted for the marble specified in the contract that forbids' the defendant to claim a deduction from the contract price in case it is proved the substituted article was of less market value than that specified in the contract. In truth, a different construction might result unjustly to the defendant and be of undue advantage to the plaintiff, which, of course, is always to be avoided.
The contract, among other things, provides that “in determining the value of any work or materials omitted or added, the value of such additions or omissions is, in the absence of any unit value mentioned in the contract, tobe made on prevailing-market rates, which market rates, in case of dispute, are to be determined by the Supervising Architect, whose decision with reference thereto shall be final.” It is well established (Martinsburg and Potomac R. R. v. March, 114 U. S., 549; Chicago, Santa Fe, etc., R. R. v. Price, 138 U. S., 185; United States v. Gleason, 175 U. S., 588) that it is competent for the parties to a contract to stipulate, as provided in the above-quoted part of the contract in the present case, that the decision of the person agreed upon, of all or specified matters of dispute that may arise during the execution of the work, shall be final and conclusive, and that in the absence of fraud or mistake so gross as to necessarily imply bad faith, such decision will not be subjected to the reviso^ power of the courts. It only remains for us to sajr whether the substitution of different materials for those specified in the contract are omitted or added materials within the meaning of the above-quoted part of the contract in question.
This may be done by looking to the intent of the parties at the time the contract was entered into, as far as disclosed by the language used in view of the surrounding circumstances shown by the contract itself. From these it is plain the parties had in mind only the omission or adding to of materials specified. Vermont marble was omitted, and if this was all, there could be no doubt the subject of that omission was by the contract submitted to the decision of the Supervising-Architect; but something more occurred which clearly was not in the minds of the parties when the' contract was made, *23 namely, tbe substitution — not adding to — of marble not thought of, and it is the differences between the market values of these articles that forms the subject of dispute. Inasmuch, therefore, as the Tennessee marble -was not specified in the contract, and not in contemplation of the parties when the contract was entered into, we are of the opinion that its value as compared to that of the specified article was not, by the contract, submitted to the final decision of the Supervising Architect, and upon the findings of fact the plaintiffs are entitled to a judgment for $9,365.41, which may be entered accordingly against the defendant.