**UNITED STATES, for Use of CHAMBER-LAIN METAL WEATHERSTRIP CO., Inc., et al., v. MADSEN CONST. CO. et al.**

No. 9496.

Circuit Court of Appeals, Sixth Circuit.

Nov. 30, 1943.

Harry Kalman, of New York City (Harry Kalman, of New York City, and Steer, Strauss & Adair and Paul W. Steer, all of Cincinnati, Ohio, on the brief), for appellant.

Fred J. Perkins and Ashley M. Van Duzer, both of Cleveland, Ohio (McKeehan, Merrick, Arter & Stewart, Fred J. Perkins, and Ashley M. Van Duzer, all of Cleveland, Ohio, on the brief), for appellees.

Before SIMONS, HAMILTON, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

The Madsen Construction Company entered into a contract in writing with the United States of America, represented by the Federal Emergency Administrator of Public Works, to construct a housing project in Cleveland, Ohio. The Southern Fireproofing Company contracted in writing with the general contractor, Madsen Construction Company, to furnish and pay

for all labor, material, equipment and services required or necessary to erect in place all clay tile partitions, clay tile furring, all glazed brick and all flue lining in connection with the project in accordance with the plans and specifications of the principal contract between the Madsen Construction Company and the United States Government.

In the agreement between the Madsen and the Southern companies it was stipulated that for the portion of the work covered by the sub-contract, Southern Fireproofing Company would assume the same responsibilities and obligations to the Madsen Construction Company as that principal contractor had assumed to the United States Government; and that the performance by the sub-contractor would be in accordance with drawings, plans and specifications prepared for the project by architects of the United States Government. The sub-contractor, Southern Fireproofing Company, acknowledged that these plans and specifications had been carefully inspected and that it would abide the contract between the principal contractor and the United States Government.

This principal contract provided that all work and material furnished should be in strict accordance with specifications, schedules and drawings; and that in case of difference between drawings and specifications, the specifications should govern. By express provision, no charge for any extra work or material was to be allowed, unless the Contracting Officer should order the same in writing at a stated price. It was further provided that all material and workmanship, if not otherwise designated by the specifications, should at all times be subject to inspection, examination and test by Government inspectors; and that the Government should have the right to reject defective materials and workmanship furnished by the contractor, and to require correction and satisfactory replacement with proper material without charge.

The contract provided that, should shop drawings show variations from the requirements of the contract documents, the contractor would make specific mention of such variations in a letter of transmittal so that, if acceptable, suitable action could be taken for proper adjustment; but the contractor was expressly not to be relieved of responsibility for doing the work in accordance with the contract document even though the shop drawings had been approved.

The decision of the Contracting Officer as to proper interpretation of all drawings and specifications was made final, subject only to a time-limited appeal in writing by the contractor to the Head of the Department, whose decision was made final and binding upon the parties.

Provision was made that no consideration would be given to any complaint by the contractor against any over-requirement or unfair ruling of the Contracting Officer, unless protested within ten days by communication in writing from the contractor to the Contracting Officer. The contract stipulated that unless the contractor filed the protest as provided, he would be deemed to have accepted, and would be conclusively bound by, the requirement or ruling of the Contracting Officer.

Seeking a judgment for $65,579.43, based on its performance of the sub-contract, Southern Fireproofing Company, as intervenor, filed a civil complaint against the Madsen Construction Company in a proceeding originally instituted by the United States, for the use of Chamberlain Metal Weatherstrip Company, Inc., in the United States District Court for Northern Ohio, which had appropriate jurisdiction under the Heard Act as amended, 40 U.S.C.A. § 270a–270d.

The District Court awarded judgment in the amount of $814.94, with interest from August 1, 1937, in favor of Southern Fireproofing Company against Madsen Construction Company, upon only one of the issues joined, which concerned the collection of an unpaid balance on the contract price; denied all claims of Southern Fireproofing Company for additional payment; and apportioned costs in the percentage of ninety percent thereof against Southern and ten percent against Madsen. From this judgment, the Southern Fireproofing Company has appealed.

The District Judge had referred the cause to a Special Master, who during the course of an extended hearing received in evidence much testimony and many exhibits. Along with the exhibits and a transcript of the testimony, the Special Master submitted to the Court a carefully prepared sixty-six-page report, which included his findings of fact and conclusions of law. Overruling all exceptions thereto, the District Judge confirmed the report of

the Special Master, adopted his findings of fact and conclusions of law; and entered judgment as heretofore stated.

This appeal has brought to us a heavy record of 1350 pages, the volume of which adds no weight to the unconvincing argument of the appellant. The futility of reargument in a reviewing court of issues of fact, resolved against an appellant upon substantial evidence supporting his adversary's position, should be obvious to one versed in the Rules of Civil Procedure for the United States District Courts. 28 U.S. C.A. following section 723c. With utmost clarity, Rule 52(a) provides that the findings of fact of a District Court shall not be set aside, unless clearly erroneous; and that the findings of a Master, to the extent that the Court adopts them, shall be considered as the findings of the Court.

No new argument is presented here which was not carefully considered and rejected upon substantial evidence and valid reasoning by the Master. The appellant made two main contentions below, reiterated and reemphasized here. On the first, the report of the Special Master demonstrates that the appellee infringed no contractual right of appellant, by reason of limitations imposed upon the thickness or width of the masonry joints. Against the second main contention, it is equally clear that the Master correctly ruled that no contractual right of appellant was violated in the elimination of a portion of distorted tile, upon the insistence of the Government.

Likewise, with respect to appellant's minor contentions, there is found substantial support in the evidence for the ruling of the Special Master that no neglect or fault upon the part of appellee caused delay in the commencement of appellant's work. The appellee, moreover, as found by the Master, was under no obligation to furnish temporary heat; and fulfilled its obligation with respect to furnishing illuminating power outlets, there being no burden upon Madsen to provide additional outlets as insisted by Southern.

No useful purpose could be served by detailing the voluminous evidence received at the hearing before the Special Master. It should suffice to summarize the findings of the Master, all of which are amply supported by evidence. The contract between Madsen Construction Company and the United States required the contractor to install glazed tile, with a masonry joint of maximum width not to exceed one-quarter of an inch. While contracting officers of the Government were willing to accept masonry joints, at first on a basis of three-eighths inch with a variation of one-quarter to one-half of an inch in width and later on a basis of five-sixteenths of an inch minimum and three-eighths of an inch maximum, they at no time agreed to tolerances which would permit the use of a basic three-eighths inch approximate joint, without regard to minimum and maximum limitations. Neither of the first two superintendents of appellant, in installing glazed tile, observed the rulings of the Government's contracting officers in this respect; nor did the third superintendent, though more diligent, conform completely, either to the contract specifications or to the tolerances allowed by the contracting officers.

No formal changes were made by the Government contracting officers in the required specifications, but the work of Southern Fireproofing Company as subcontractor under appellee was accepted by the Government in fulfillment of that portion of the principal contract assumed to be performed by appellant. With the exception of extra work ordered in writing, in accordance with the provisions of the principal contract, the appellant, as subcontractor, was never required to do any work or to furnish any material not called for by the principal contract.

The Master found that the appellant had failed to show by a preponderance of evidence that tile within the permissible degree of distortion was rejected by the Government Inspectors after having been sized as required by the interpretation of the contract by the Contracting Officer, and after having been properly laid in courses with other tile of a height conforming to the interpretation. The finding of the Special Master adopted by the District Court, not being clearly erroneous, must be upheld. There was certainly sufficient evidence to justify the finding of the Master on this item.

The interpretation of the Contracting Officer concerning the required sizing of brick, not having been formally protested or appealed by appellant, was under the contract binding upon it. Appellant did not make at any time a clear, formal protest to the Contracting Officer with respect to any claimed improper elimination of tile within the permissible degree of distortion;

616

nor was any request made by appellant upon the appellee, principal contractor, to protest the matter to the Contracting Officer.

The appellee gave prompt and careful attention to all informal protests of appellant concerning controversial issues; and at appellant's request presented all of its claims to the Contracting Officer, and appealed from adverse decisions thereon to the Head of the Department, the Secretary of the Interior of the United States. The rulings of both the Contracting Officer and the Head of the Department on all questions presented were that no work outside of the specifications of the contract was required to be done; and that therefore no consideration would be given to any excess costs incurred by either the contractor or the sub-contractor.

■ While affirmance of the judgment in the instant case rests firmly upon the principle that the findings of the Master adopted by the District Court shall not be set aside unless clearly erroneous, it should be noted that the Supreme Court has recognized that parties may enter into a construction contract by which the decision of an engineer or other officer concerning disputes arising during execution of the work shall be final and conclusive; and when they have done so, the decision of the engineer or other officer, in the absence of fraud or mistake necessarily implying bad faith, will not be subject to the revisory power of the courts. United States v. Gleason, 175 U.S. 588, 602, 20 S. Ct. 228, 44 L.Ed. 284; Chicago, Santa Fe & California Railroad Company v. Price, 138 U.S. 185, 11 S.Ct. 290, 34 L.Ed. 917; Martinsburg & Potomac Railroad Company v. March, 114 U.S. 549, 5 S.Ct. 1035, 29 L. Ed. 255. Compare United States v. Mason & Hanger Company, 260 U.S. 323, 326, 43 S.Ct. 128, 67 L.Ed. 286. The principle has been recognized in Goltra v. Weeks, Secretary of War, 271 U.S. 536, 548, 46 S.Ct. 613, 70 L.Ed. 1074, also.

■ It fell within the discretion of the District Court to apportion the costs. Rules of Civil Procedure, 54 (d). The apportionment was generous to the appellant, which lost upon all issues tendered by it, except that involving a minor controversy, and recovered only $814.94 in an action to recover $65,579.43 seriously and vigorously claimed.

The judgment of the District Court is affirmed.