### LINDSAY et al. v. UNITED STATES.
#### No. 12262.

United States Court of Appeals
Ninth Circuit.

April 20, 1950.

---

J. Edward Johnson, W. G. Harmon and William H. Henderson, San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Attorney, C. Elmer Collett and Antoinette E. Morgan, Assts. U. S. Attorneys, San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and STEPHENS and BONE, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a judgment awarding $2696 damages to appellants in a breach of contract action brought against the United States. Appellants here contend the judgment in their favor should have been in the amount of $6536.27 instead of $2696.

The appeal respecting the claimed difference rests upon the contention that the amount recovered does not cover the excess costs claimed to have been caused to the contractor by the government's delay in delivering certain plumbing fixtures to be installed by appellants in buildings they were erecting.

Article 15 of the contract provides that such disputes shall be decided by the contracting officer subject to an appeal to the head of the department concerned.[1]

The dispute here was decided by the contracting officer and he was sustained on appeal to the department head. The district court held of the decision of the contracting officer and the department head "That there was no such discrepancy or inadequacy between the amount sought and the amount allowed by the contracting officer as to indicate corruption or a partisan bias on the part of said contracting officer or head of the department. That the contracting officer and the head of the department did not act so inequitably so that this court would be justified in setting aside the award and granting damages in addition to the amount of the award." Finding VI.

The Supreme Court has stated the law governing decisions by such a contracting officer on questions of fact that such decisions "shall be final and conclusive, and that, in the absence of fraud or of mistake so gross as to necessarily imply bad faith, such decision will not be subjected to the revisory power of the courts. Martinsburg & Potomac Railroad Co. v. March, 114 U.S. 549, 5 S.Ct. 1035, 29 L.Ed. 255; Chicago, Santa Fe & C. Railroad v. Price, 138 U.S. 185, 11 S.Ct. 290, 34 L.Ed. 917." United States v. Gleason, 175 U.S. 588, 602, 20 S.Ct. 228, 233, 44 L.Ed. 284. The rule

---

1. "Article 15. Disputes.—Except as otherwise specifically provided in this contract, all disputes concerning questions of fact arising under this contract shall be decided by the contracting officer subject to written appeal by the contractor within 30 days to the head of the department concerned or his duly authorized representatives, whose decision shall be final and conclusive upon the parties thereto. In the meantime the contractor shall diligently proceed with the work as directed."

has been recently restated by the Supreme Court in United States v. Moorman, 338 U. S. 457, 461, 70 S.Ct. 288.

Appellants claim that they are entitled to have the cause litigated on its merits de novo by the district court. These cases show that the court committed no error in confining the case to the question of the contracting officer's fraud or gross mistake implying bad faith. Here are involved only questions of fact differing from the question of law in our decision in United States v. Lundstrom, 139 F.2d 792, 795.

We do not think appellants have shown such a gross mistake as implies bad faith. As supporting their claim that the extra cost of installing the plumbing fixtures was due to the delay in their delivery on the job by the government, the contractor presented to the officer in charge a statement that the original estimate for installing these fixtures was $7105, and that the actual handling and installation cost was $13,047.-27. They claimed to that officer that the difference of $5,942.27 is thus shown to be the additional expense due to the delays in furnishing the plumbing material.

With regard to the figure of $7105, it appears that 402 items of plumbing (201 water heaters and 201 oil heaters) to be installed were delivered on August 12, that is but twelve days late. No added cost is shown for the twelve days' delay. Nevertheless, by October 21, when the next delivery was made, the appellants had already expended approximately $5270, that is to say, leaving but $1835 for the completion of the job. There remained to be installed 204 lavatories, 206 water closets and seats, 201 combination sinks and trays and 201 gas ranges. If it cost $5270 to install 402 items, it is inconceivable that, if the remaining 812 items had been delivered without delay, they could have been installed for $1835. It is thus obvious that the figure of $7105 furnished the officer in charge was not the true cost of installation in the absence of any delay.

It is admitted by the government that in its computation it had failed to consider prefabrication costs. However, nowhere is the cost of prefabrication shown. In the absence of such a showing, we cannot hold that it is such an amount as indicates a mistake so gross as to warrant the inference of fraud. Also, in the absence of showing the amount, appellants have not maintained their burden of proof as to the amount of damages they should recover, even assuming fraud.

The judgment is affirmed.