### LONG v. UNITED STATES.
Civ. No. 1176.

United States District Court, D. Montana, Billings Division.
March 21, 1951.

James R. Felt, Stanley E. Felt, Billings, Mont., for plaintiff.

Dalton Pierson, U. S. Dist. Atty., Butte, Mont., Emmett C. Angland, Asst. U. S. Dist. Atty., Great Falls, Mont., for defendant.

PRAY, Chief Judge.

In the above entitled cause the plaintiff seeks to recover from the Government the sum of $1740, with interest from April 18, 1948, and costs. This action, as set forth in the complaint, is based upon the provisions of Section 24 of the Act of March 3, 1911, F.C.A., Title 28 U.S.C.A. § 41(20) [1948 Revised Judicial Code, 28 U.S.C.A. § 1346].

The facts briefly stated as they appear to the court show that plaintiff entered into a written contract with the Government, which was represented by its contracting officer, of the Department of the Interior, Bureau of Reclamation, and was numbered 12r–16303, and by the terms thereof plaintiff agreed to perform work and furnish materials in the construction of the Fallon Pumping Plant, near Fallon, Montana, for which the Government agreed to pay plaintiff a stipulated sum therefor; the plaintiff performed the contract according to its terms and was ready for a settlement with the Government through its disbursing officers, who thereupon deducted from the amount found due the plaintiff the sum of $1740 over the protest of plaintiff and have refused to repay it, claiming said sum as a set-off and as liquidated damages for delay in the completion of his contract with the Government, No. 12r–15348, previously entered into and completed by the plaintiff, and for which a settlement had been made.

Plaintiff had agreed to complete the contract last mentioned on or before the 6th of September, 1945, or to pay a penalty as liquidated damages at the rate of $20 per day for every day of failure thereafter, unless it should be found by the contracting officer representing the Government that such delay was due to unforeseeable causes beyond the control and without the fault or negligence of the plaintiff; the plaintiff claimed that he was unable to complete the work under the contract until March 30th, 1946, thereby incurring a delay of 205 calendar days. It is alleged that the findings-of-fact thereafter made by the contracting officer of the Government allowed 119 days of delay as excusable, and 86 days as inexcusable to which the penalty of $20 per day would apply, and such deduction was made in the sum of $1720, and full and final settlement was thereafter made with plaintiff by the disbursing officers of the Bureau of Reclamation in accordance with the findings-of-fact by the contracting officer, who appears to have been duly authorized to make such findings, and from which no appeal was taken.

On December 4th, 1947, over a year after such settlement was made, the Assistant Chief of the Audit Division of the General Accounting Office wrote the Commissioner of Reclamation modifying the findings-of-fact made by the contracting officer and holding that 87 additional days of penalty should be imposed upon plaintiff for delay in finishing the work under contract No. 12r–15348; as a result the disbursing officer withheld from plaintiff $1740 when payment was due under contract No. 12r–16303. Plaintiff claims such withholding was contrary to the findings-of-fact by the duly authorized officer and was an unlawful act.

The defendant alleges the deduction was made on the decision of the General Accounting Office and the Comptroller General who in effect claimed the excuses for delay allowed by the contracting officer were not justified by the facts, and could not be claimed as due to unforeseeable causes beyond the control and without the fault or negligence of the plaintiff.

The determining decision on the issue raised over this contract seems to have been left to the contracting officer in charge of the work; that the parties to the contract can so provide, and that the decision of the contracting officer shall be conclusive upon the parties, is so held in U. S. v. Mason & Hanger Co., 260 U.S. 323, 325, 326, 43 S.Ct. 128, 67 L.Ed. 286; also see Kihlberg v. U. S., 97 U.S. 398, 24 L.Ed. 1106; Martinsburg & Potomac R. R. Co. v. March, 114 U.S. 549, 5 S.Ct. 1035, 29 L.Ed. 255; U. S. v. Gleason, 175 U.S. 588, 20 S.Ct. 228, 44 L.Ed. 284; Ripley v. U. S., 223 U.S. 695, 32 S.Ct. 352, 56 L.Ed. 614. This was termed extending the rule between private parties to the Government It was held by the Supreme Court: "There were such decisions, and settlement, and payments, in consequence of them, as we have seen. Over the effect of these the Comptroller of the Treasury has no power. They were the acts and duty of the officer in charge in the expression of which there was no ambiguity, and were, therefore, conclusive in effect." Mason & Hanger case, supra [260 U.S. 323, 43 S.Ct. 129.]

The contracting officer found the items now in dispute were just and proper items for payment and his decision seems to have been final. Mathis Co. v. U. S., D.C., 79 F. Supp. 703; James Graham Mfg. Co. v. U. S., D.C., 91 F.Supp. 715.

It was also decided in the Mitchell Canneries case: "The contracting officer shall then ascertain the facts and the extent of the delay and his findings of fact therein, a copy of which shall be furnished to the contractor, shall be final and conclusive on the parties hereto * * *.

"The established principle of law that findings of fact of a contracting officer are binding upon both the Government and the contractor if there is no fraud, gross error or arbitrariness by the contracting officer amounting to bad faith, has been considered by this court and the Supreme Court many times." Mitchell Canneries v. U. S., 77 F. Supp. 498, 502, 111 Ct.Cl. 228, and numerous cases cited therein.

The contractor expected to finish his work in September, as agreed, and had calculated what would be required in labor and material to enable him to do so, consequently the development of adverse labor conditions, rendering it impossible to secure a sufficient number of workmen to complete the contract in time, would seem to have been an unforeseeable occurrence that could not have been known or anticipated by the contractor until he actually came in contact with this situation; he appears to have been diligent and to have done everything that was humanly possible to overcome the labor shortage, but without success. Inability to secure workmen required the contractor to carry-on during the winter months, and at times compelled him to suspend work because of the severity of the weather which was an unforeseeable condition, thrust upon the contractor because of the impossibility of finding a sufficient number of workmen to do the work and finish it in September, instead of being obliged to work short handed during the winter months and therefore unable to complete the contract before March. The adverse conditions above mentioned were so correlated and inseparable and interdependent as to lend conviction to the claim of plaintiff that they were wholly unforeseeable. The following pertinent provisions in respect to delays are from article 9 of the contract: "Delays in the completion of the work due to unforeseeable causes beyond the control and without the fault or negligence of the contractor, including, but not restricted to, acts of God, * * * unusually severe weather, * * *."

In so far as the court can determine the findings of the contracting officer are a fair and truthful statement of the facts, and without any departure from the rules and regulations, or contract provisions, governing the performance of his duties as the contracting officer; nor does it appear that

he was not acting in good faith or that he was unfair or partial as between the contractor and the Government.

There is no question of jurisdiction present. The court can interpret the language of the contract pertaining to the state of facts found to exist, and decide the issues, aided by the authorities that appear to be applicable. The wording of the contract is plain and understandable. Counsel contends that the findings of fact made by the contracting officer are "conclusive on the parties, the General Accounting Office and the Courts", and that this office "has no authority by statute or by the terms of the contract, to construe the contract, or modify the findings of fact." It is contended that there is no showing of fraud or bad faith either in the answer, stipulation or findings, and that the causes of delay set forth were unforeseeable, beyond the control and without the fault or negligence of the contractor.

The defendant seems to find comfort and support in the Brooks-Callaway case (U. S. v. Brooks-Callaway Co.) 318 U.S. 120, 63 S.Ct. 474, 476, 87 L.Ed. 653, and while it is an interesting case, having a bearing upon some of the questions before this court— especially that of foreseeability and conclusiveness of contracting officer's findings, the decision must be based upon the facts in each particular case. In the case above cited the excuse for delay was high water and flood conditions, wherein it appears that the vice-president of plaintiff testified that in making its bid plaintiff took into account the fact that there would be high water and that when there was, work on the levee would stop. The court said in that case: "We intimate no opinion on whether the high water amounted to a 'flood' within the meaning of the proviso. Whether high water or flood, the sense of the proviso requires it to be unforeseeable before remission of liquidated damages for delay is warranted. The contracting officer found that 183 days of delay caused by high water were due to conditions normally to be expected. No appeal appears to have been taken from his findings to the head of the department, and it is not clear whether his findings were communicated to respondent so that it might have appealed. The Court of Claims did not determine whether respondent was concluded by the findings of the contracting officer under the second proviso to Article 9, and not having made this threshold determination, of course made no findings itself as to foreseeability. We think these matters should be determined in the first instance by the Court of Claims. Accordingly the judgment is reversed and the cause remanded with instructions to determine whether respondent is concluded by the findings of the contracting officer, and, if not, for a finding by the court whether the 183 days of high water or any part of that time were in fact foreseeable."

The Court of Claims had decided in that case: "that liquidated damages should not have been assessed for any of the 278 days of delay caused by high water because the high water was a 'flood' and under the proviso all floods were unforeseeable per se. * * * No findings were made as to whether any of the high water was in fact foreseeable."

The court further stated in that case: "We believe that the construction adopted below is contrary to the purpose and sense of the proviso and may easily produce unreasonable results. The purpose of the proviso is to remove uncertainty and needless litigation by defining with some particularity the otherwise hazy area of unforeseeable events which might excuse non-performance within the contract period. Thus contractors know they are not to be penalized for unexpected impediments to prompt performance, and, since their bids can be based on foreseeable and probable, rather than possible hindrances, the Government secures the benefit of lower bids and an enlarged selection of bidders."

The court has examined the following cases cited by counsel and they seem to relate to an entirely different fact situation, although the rule of conclusiveness as to the findings of the contracting officer, where fully complied with, remains the same. Kremer v. U. S., 88 F.Supp. 740, 116 Ct.Cl. 358; Newhall-Herkner Const. Co. v. U. S., 89 F.Supp. 321, 116 Ct.Cl. 419; Penner Installation Corporation v. U. S., 89 F.Supp. 545, 116 Ct.Cl. 550. In the case of Martinsburg & Potomac Railroad Co. v. March,

138

114 U.S. 549, 5 S.Ct. 1035, 29 L.Ed. 255, the same rule of conclusiveness as to the findings of the engineer or contracting officer in charge is approved; the facts disclosed there are entirely different from those in the instant case.

It seems clearly established from the law cited that the plaintiff is not entitled to recover interest and costs, otherwise the court finds for the plaintiff in accordance with the foregoing decision. Fndings of fact and conclusions of law and form of judgment may be submitted. Exceptions allowed counsel.