**AERIAL LUMBER COMPANY,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 14554.

United States Court of Appeals
Ninth Circuit.

Aug. 10, 1956.

Raymond D. Torbenson, Richard M. Thatcher, Seattle, Wash., for appellant.

Charles P. Moriarty, U. S. Atty., F. N. Cushman, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before BONE, FEE and CHAMBERS, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

This is an action for damages for breach of contract brought by the government against Aerial Lumber Company (formerly Oceanic Lumber & Wrecking Company, Inc.). There were two separate transactions which for convenience are treated as one, since there is no difference between them on essentials. Aerial submitted a bid, accompanied by a deposit, for the pur-

chase and removal of several houses, in response to an advertisement by Housing and Home Finance Agency of the Public Housing Administration. Thereafter, the contract was in regular form awarded to Aerial under the terms and conditions which had been set out in the invitation to bid upon which Aerial had submitted its offer.

The case was tried by the court without a jury, testimony was received and also documentary evidence of the invitation with attached form of contract, the bid, the deposit check and a tabulation by the office of the Comptroller General of the amount of the bid of Aerial and the actual amount obtained for each house together with a simple computation of the total of differences between these respective amounts. The trial court found that Aerial had been granted the two contracts. It was further found that defendant Aerial violated each of the contracts in that it failed to pay for or remove any of these buildings. Damage in the sum of $2,723.70, with interest from the date of the certificate of the Comptroller, was allowed.

█ Aerial has appealed. The chief complaint is that, "When the time for entering upon performance arrived, the Appellant had two choices. * * * (1) to enter upon performance or (2) fail to do so and suffer what consequences the contract might impose." This doctrine has been almost universally repudiated.[1] A contract has a binding force based upon the fact that it evidences a meeting of the minds of two parties in good faith. It is well known that damages often do not and cannot compensate for repudiation, such as the record here shows. The deposit is often simply an evidence of good faith. But here Aerial refused to make the payments of the balance at the outset. The testimony shows an agent of defendant was warned that damages would be sought for breach. This interpretation of the contract did not deter Aerial from repudiation on the threshold.

But, if the contract be construed, it is found there was a positive engagement of defendant to pay the purchase price when the award was made by the paragraph taken from one of its own bids, as follows:

"2. The Purchaser offers and agrees to purchase from the Seller the property set forth and described in the Invitation to Bid attached to the General Conditions, such offer being governed by and subject to the General Conditions covering the sale of such property, at the following purchase price:

Building
Number: 10 .......... $1,200.00
        20 .......... 1,600.00
        24 ..........  800.00

\* \* \* \* \* \*

"4. This offer shall be binding upon the purchaser, his (its) successors and assigns in the manner and for the period, and may be accepted by the Seller, all as set forth in the General Conditions and the Invitation to Bid."

The record shows defendant had then a further obligation under the general conditions as follows:

" \* \* \* shall complete the removal of the buildings or structures and all clean-up operations within a reasonable period not to exceed 60 days from mailing of notice of acceptance of his offer."

█ Aerial contends that the United States agreed not to enforce a right to general damages, which arises to the innocent party in all breaches of contract. This limitation was effected, according to Aerial, by the following clause:

"Performance Security. The Purchaser shall within 5 days of the delivery to the Purchaser of an executed copy of the contract supply (in addition to payment in full of the contract price) performance se-

1. Williston on Contracts, Revised Edition, Volume 1, § 130A.

curity in the form of a certified check, cashier's check or United States Post Office Money Order payable to the Housing Authority of the City of Seattle in the amount required under Section 4 of the Invitation to Bid, or shall supply a performance bond in a like amount. The Purchaser is liable for any expense incurred by the Government as a result of his failure to abide by the terms of this sale, including the removal of the units sold hereunder within the time stated herein and leaving the site in a satisfactory condition. The Purchaser shall be liable for the full amount of damages determined by the Contracting Officer to have been occasioned by his failure to comply with provisions of this sale, whether or not such damages are secured by the performance security."

■ Instead of a limitation, this clause serves distinct and positive notice upon the bidder that the forfeiture of the deposit will not be the measure of the satisfaction required by the United States for the breach. Expense which is ordinarily not considered necessarily collectible damage is to be exacted. But, above and beyond that, the right to collect general damage for breach is not only not waived, it is expressly provided that it may be recovered. Unquestionably, this clause would include damages for failure to remove the houses and clean up the grounds within the required time.

■ But it is objected that the Contracting Officer made no determination of damage. The only difference that makes is plain. If the Contracting Officer had determined the damage, Aerial by contract might well have been bound to pay the figure, whatever it may have been.[2] However, the intention of the clause was not to prevent the United States from recovering damages for breach of contract or to limit the recovery to specific items. That provision was

one in favor of the United States, since it permitted a liquidation of the damage before suit. The determination of the Contracting Officer was therefore not a limitation on the recovery of damages and not a condition precedent to recovery by the United States.

■ But the United States brought suit for general damage. Proof of loss between the amount bid and the amount realized was adduced in the certificate of the Comptroller. Aerial objected to this document. The grounds of objection upon which defendant must stand were stated in open court.

"Mr. Thatcher. Just a minute. I have objection to its offer on a general basis, in that any of the conclusions contained in the letter having the words, 'defaulted,' 'loss,' 'due,' 'settled,' etc., anything like that in connection with the action of the General Accounting Office are conclusions of that office and not binding upon this Court or the defendant."

The trial court, however, did not use the certificate as proof that defendant was liable, but merely accepted the figures as correct to aid in his determination of the amount of damage which the government under the record was entitled to recover. Aerial admits in its brief that counsel for it stipulated that, "if the defendant is liable, the defendant has no quarrel with the accuracy of the figures or statement made in the certificate of settlement." Also, as to this exhibit, counsel for the United States, counsel for defendant and the court had a colloquy as follows:

"The Court: As I understand, your statement means that if the defendant is liable, the defendant has no quarrel with the accuracy of the figures or statement made in the certificate of settlement.

"Mr. Cushman [counsel for United States]: I believe that is right.

"The Court: Is that right?

2. Cf. Lindsay v. United States, 9 Cir., 181 F.2d 582.

"Mr. Thatcher [counsel for Aerial]: That is correct."

The court was entitled to use such figures so stipulated to in order to find the facts as to the amount the United States had been damaged by breach of contract by Aerial.

Affirmed.